# Powers *v.* Williamson.

### *Damages in Automobile Collision.*

(Decided November 7, 1914. 66 South. 585.)

1. *Master and Servant; Injury to Third Person; Employment.*— Where the owner of an automobile permitted his son to take a car to give some friends a ride on condition that one S. would drive the car, and at the invitation of the son S. consented to drive the car, and invited plaintiff to accompany him on the ride, the owner was not responsible for injuries received by plaintiff for the negligence of S. for as to the plaintiff S. was not a servant of the owner.

2. *Same; Respondeat Superior; Application.*—The doctrine of respondeat superior applies only when the relation of master and servant exists between the wrong doer and the person sought to be charged for the result of some wrong or neglect at the time and in respect to the very transaction out of which the injury arose.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Reba Powers against George D. Williamson, for damages suffered in an automobile accident. Judgment for defendant, and plaintiff appeals. Affirmed.

CALLAHAN & HARRIS, and J. S. KENNEDY, for appellant.

EYSTER & EYSTER, for appellee.

DE GRAFFENRIED, J.—George D. Williamson owned an automobile and was accustomed to drive his family about in it. He has a son, Neill Williamson, who, at the time of this accident, was about 20 years of age. Neill Williamson was not an expert driver of a car, and his father was afraid to permit him to use the car when not accompanied by a more experienced chauffeur. Will Skeggs, a friend of the Williamson family, had on several occasions accompanied George D. Williamson in drives about Decatur in the automobile, and Mr. Williamson became impressed with the idea that Skeggs was an excellent chauffeur, and, in fact, that he knew perfectly well how to run and manage an automobile. It seems that Mr. Williamson had frequently complimented Skeggs on the way in which he drove a car, and had more than once told his son, Neill Williamson, that he desired him to observe the manner of Skeggs in handling a car. During the afternoon pending the night of the accident, Neill Williamson told his father that he wanted to borrow his car for the purpose of taking some friends—three young ladies—on a pleasure ride, and the father, to use his language, replied that Will Skeggs had suggested to him that "any time you [Neill Williamson] wanted him to go with you, or I wanted him [to go with you], he would be glad to show you anything he knew about driving the car that you didn't know," "and I told him that, if Will would go with him and drive him, I would consent to let him have the car that time." The son therefore, having complied with the condition, became the proprietor of the car for the evening and took his friends upon the pleasure ride. Miss Reba Powers, without the knowledge of the father, became a member of the party at the request of Will Skeggs. While on the ride the automobile ran into an obstruction, was turned over,

and Miss Reba Powers received painful injuries. It is claimed that the accident to the car and the injuries which thereby resulted to Miss Powers were due to the negligence, both simple and wanton, of Will Skeggs.

This suit was brought against the father upon the theory that the relation of Will Skeggs to the father, on the named occasion, was such as to render the father liable to the plaintiff for the negligence, simple or wanton, of Will Skeggs while driving the automobile. The above statement gives the facts, and presents the only question which in this case we are called upon to determine.

1. Miss Reba Powers became a member of this automobile party at the request of Will Skeggs. Her own evidence shows that she went on this ride as his guest. The automobile was loaned by the father to the son for the purpose of enabling him to extend a courtesy to three young lady friends, with the understanding that Will Skeggs was to become a member of the party and handle the machine. The evidence plainly shows that in this matter the requirement that, as a condition to the loan of the car, Will Skeggs should drive it was a precautionary measure taken by the father for the benefit of his son and the three young ladies who were to be his guests. That the father had perfect confidence in the skill and discretion of Will Skeggs is shown not only because he was willing to trust his son to his care, but also by the manner in which he had previously spoken of the intelligence and skill dispayed by Will Skeggs as chauffeur. It would indeed be a dangerous proposition to say that, under such facts as are shown by this record, the owner of the automobile could be held legally liable to Miss Reba Powers for damages growing out of the negligence, either simple or wanton, of Will Skeggs in driving the car.

[Powers v. Williamson.]

In so far as Miss Powers is concerned, certainly the relation of master and servant did not exist between Will Skeggs and the defendant. While the defendant's son was in the car with the three young ladies who were his guests, Miss Reba Powers became the guest of Will Skeggs—all the evidence shows this—and as to her, without regard to the rights of the other members of the party, Will Skeggs cannot be regarded as the servant of the owner of the automobile. In so far as Miss Powers is concerned, her rights are to be determined just as if Will Skeggs had been the owner of the automobile and acting as his own chauffeur. If Will Skeggs was, as to third parties, and as to the son and the three young ladies who were his guests— a matter which is not before us—the servant of the father, he was not the servant of the father in so far as Miss Powers is concerned.

The doctrine of respondeat superior applies only when the relation of master and servant "is shown to exist between the wrongdoer and the person sought to be charged for the result of some wrong or neglect at the time and in respect to the very transaction out of which the injury arose." In this case if, as to the son and his three guests, Will Skeggs was at the time of the accident engaged in the business of the father— a matter which we need not decide—all the evidence shows that, as to Miss Powers, Will Skeggs was his own master, and that he did not, as to her, occupy the position of a servant of Mr. Williamson. Under no legal principle can Mr. Williamson be held liable, under the facts of this case, to the plaintiff.—*William Hartley v. Frank P. Miller,* 165 Mich 115, 130 N. W. 336, 33 L. R. A. (N. S.) 81, and note; 2 R. L. C. p. 1200, § 35, and authorities cited in notes; *Stewart v. Baruch,* 103 App. Div. 577, 93 N. Y. Supp. 161; *Patterson v. Kates,*

(C. C.) 152 Fed. 481; *Parker v. Wilson*, 179 Ala. 361, 60 South. 150, 43 L. R. A. (N. S.) 87; *Armstrong v. Sellers*, 182 Ala. 582, 62 South. 28.

The judgment of the court below is affirmed. Affirmed.

MCCLELLAN, SAYRE, and GARDNER, JJ., concur.