[Galloway v. Perkins.]

# Galloway *v.* Perkins.

### Injury by Automobile.

(Decided December 7, 1916.   Rehearing denied January 18, 1917.
73 South. 956.)

1. **Motor Vehicles; Negligence.**—The owner and driver of an automobile who undertakes to transport another gratuitously is liable for injuries to such person resulting from the negligence of such owner and driver, notwithstanding the rule as to the carriage of goods gratuitously by one not a common carrier.

2. **Pleading; Alternative Allegations; Complaint.**—A count in a complaint averring that the defendant negligently caused or allowed the car to run off an embankment and kill the intestate was sufficient despite the alternative averment; the defendant's liability being the same in either case.

3. **Negligence; Imputed Negligence.**—A guest riding in an automobile at the invitation of the owner is not chargeable with the negligence of the driver.

4. **Constitutional Law; Discriminatory Legislation.**—Acts 1911, p. 649, section 34, which attempts to impute to the person riding in motor cars not used for hire the negligence of the driver is unconstitutional as being discriminatory legislation.

5. **Evidence; Opinion; Speed.**—A non-expert witness riding in an automobile, or observing it at the time of an accident, may testify or give an opinion as to its speed.

6. **Motor Vehicles; Negligence of Driver.**—Where plaintiff's intestate was killed through the negligence of the defendant, the owner and driver of an automobile in which deceased was riding, was invited by one of the party of defendant to ride in the car, and defendant, knowing of his presence in the car, did not object, the defendant is liable for negligence although he did not expressly invite deceased to ride .

7. **Charge of Court; Covered by Those Given.**—It is not error to refuse request for charges substantially covered by charges given.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Ida Perkins, as administratrix, against Charles Galloway for damages for the death of her intestate in an automobile accident.   Judgment for plaintiff and defendant appeals. Affirmed.

CULLI & MARTIN for appellant.   DORTCH & ALLEN and INZER & INZER, for appellee.

MAYFIELD, J.—This case involves the extent of the liability of the owner or operator of an automobile to a guest, as for injury or death caused by the overturning of the automobile. This is the second appeal. See report of former, *Perkins v. Galloway*, 194 Ala. 265, 69 South. 875, L. R. A. 1916E, 1190. On the former appeal the authorities, both English and American, state and federal, as well as the text-books on the subject, were reviewed at some length by Justice THOMAS; and it was there held:

"1. One not a common carrier, who voluntarily undertakes to transport another, is responsible for injury to the person transported resulting from negligence, whether the service was for compensation or was gratuitous.

"2. Where the occupant of an automobile has no control over the driver, even though the relation of carrier and passenger does not exist, the doctrine of imputed negligence does not apply to the passenger.

"3. The duty of the owner and driver of an automobile to the occupant of the car is to exercise reasonable care in its operation not to unreasonably expose to danger and injury the occupant by increasing the hazard of the method of travel, but he must exercise the care and diligence which a man of reasonable prudence engaged in like business would exercise for his own protection and the protection of his family and property."

(1) We are urged on this appeal to modify the holding (or at least the opinion) on the former appeal, and that in the case of *Lawrence v. Kaul Lumber Co.*, 171 Ala. 300, 55 South. 111, as to the relation existing between plaintiff's intestate and the defendant at the time of the injury. It is forcibly argued that intestate was not a passenger and that the defendant was not a gratuitous carrier at the time of the injury, that this relation did not exist, and that therefore the duties and liabilities incident thereto did not arise or exist. It is very true, as argued, that there is a vast difference as to some duties and labilities, when the relation of common carrier and passenger exists, and when that of private carrier and passenger exists, whether the carriage is for hire or is gratuitous. There is nothing decided or said which destroys or overlooks this dictinction in proper cases for the application of the distinction. The complaint alleged, and the evidence tended to show, that intestate at the time of the injury was the guest of defendant, and was being carried as

such to Gadsden, and that his death was proximately caused by the negligence of defendant in operating the automobile in which they were riding. This being true, the law seems to be settled that the defendant is liable for the injury to, or the wrongful death of, his guest, if there be a statute imposing liability as for such wrongful death. It is therefore immaterial whether the parties be spoken of as carrier and passenger or host and guest.

It does seem to be a harsh or hard rule which makes the carrier or host liable to the passenger or guest as for injury or death, in the absence of gross negligence or wantonness, especially when the passenger or guest is treated by the carrier or host, just as the latter himself is treated, and when both are injured by the same accident, as in this case. If this be so, the reply is: The law is so written, and cannot and should not be changed to meet hard cases; such instability would make shipwreck of the law.

The liability of the owner of an automobile to a guest riding for pleasure only was recognized, but not decided, in the case of *Powers v. Williamson,* 189 Ala. 600, 66 South. 585. That decision, however, went off on the ground that the owner of the machine was not in that case liable for the negligence of his son, who was operating the car; that is, that the doctrine of respondeat superior did not apply in that case. It is, however, a necessary conclusion that the owner would have been held liable in that case had the son been held to be the agent of his father, the defendant, or had the father, who was the owner, been operating the machine and been guilty of negligence proximately contributing to the injury.

It is very true that it has been held that a gratuitous carrier of goods, like a gratuitous bailee of goods, is not liable to the owner of the goods, in the absence of gross negligence. This distinction is well pointed out by Mr. Hutchinson (Carriers, vol. 2, § 1022, p. 1179), who says: "This, it will be observed, is different from the well-settled rule in regard to the gratuitous carriage of goods, which, as has been seen, does not impose upon the common carrier the same degree of responsibility as when the carriage is for compensation, and this illustrates the different light in which the two kinds of business are viewed by the law. The carrier of goods becomes an insurer of their safety only when he is paid to become so; but the carrier of the passenger is bound to the utmost care and caution, whether paid by the

passenger or not; and this distinction is based upon wholly different reasons of public policy, being in the one case the value which it puts upon human life and personal safety, and in the other the necessity of preventing frauds and combinations, to the 'undoing of all persons' who may have dealings of that kind with the carrier. This distinction between the gratuitous bailment of goods to the carrier and the gratuitous carriage of the passenger is, upon this ground, well established, and in the latter case the carrier's liability is the same as when he is paid for the carriage."

(2) Count AA of the complaint was held sufficient on the former appeal; the judgment being reversed as for sustaining a demurrer thereto. On the next trial two additional counts were added, and the demurrer thereto was overruled. Each of these counts was a practical duplicate of count AA. It is true that one of these counts contains the alternative averment that the defendant negligently "caused or allowed" the automobile to run off an embankment and kill plaintiff's intestate. If it had not been alleged that the defendant was then and there operating or running the machine, this alternative averment might have rendered the count bad; but with this averment it was sufficient. If the defendant was running the car and negligently allowed it to run off the embankment, he would be liable the same as if he negligently caused it to do so. The alternative averment in such cases is to meet varying phases of the evidence, and the legal effect is the same in each case. It therefore follows that there was no error in overruling the demurrers to the complaint.

(3) As was said on the former appeal, intestate was not chargeable with the negligence of the defendant, the driver of the automobile.

(4) It was also decided in the case of B.-T. & Util. Co. v. Carpenter, 194 Ala. 141, 69 South. 626, that a statute (Acts 1911, p. 649, § 34) attempting to make liable persons riding in automobiles not used for hire, as in this case, was unconstitutional. Such discriminations against those who ride in automobiles were held to be unwarranted.

(5) There was no error in allowing witnesses who were riding in the automobile at the time of the accident to testify, or give an opinion, as to the speed of the machine. A witness is not required to be an expert to be competent to testify to the speed of a train or other vehicle in which he was riding, or which he

observed.—*Sampson's Case,* 112 Ala. 425, 426, 20 South. 566; *Hall's Case,* 105 Ala. 599, 602, 17 South. 176.

There was no error in declining to give the affirmative charge for the defendant as to either of the three counts AA, A1, or A2. The evidence was sufficient to carry the case to the jury as to each of the counts.

(6) It was not necessary to a recovery that defendant himself should have expressly invited intestate to ride in the car. The deceased was clearly not a trespasser, and was expressly invited by one of the parties in the automobile, and his presence in the car was known and acceded to by the defendant. The duty of defendant not to injure the deceased was therefore the same as if he had expressly invited deceased to ride with him. As before remarked, it does seem hard that defendant should be mulcted in damages, when he was attempting to do an act of kindness and courtesy to the deceased and his comrade by taking them, tired and footsore from hunting, into his machine and proceeding to carry them home, and when he was not at all responsible for their being away from home without conveyance. But this kindness and charity, in the eyes of the law, did not excuse defendant from exercising ordinary care not to injure them. If he had been carrying their goods under like conditions, he would not have been liable except for gross negligence or wantonness. But as to the gratuitous carriage of persons the rule, as we have shown, is different; the carrier is then liable for failure to exercise reasonable care as to the safety of those gratuitously riding with him, and the fact that he himself is subjected to the same liability or probability of injury, or is himself injured, as are the guests, does not preclude a recovery against him for injury to those who are so riding with him.

(7) It would serve no good purpose to discuss each of the charges refused to defendant separately. They were each confused, misleading, or argumentative, or gave undue prominence to some particular part or phase of the evidence. Moreover, the proposition of law attempted to be asserted in each was embraced in, and fully covered by other written charges given at the request of defendant. For example, the court gave charges A, B, and C, which were as follows: "(A) Before it could be said that the defendant was guilty of any negligence at all, the burden of proof is on the plaintiff to satisfy the jury reasonably from the evidence that the defendant, Galloway, did some act which a

reasonably prudent man would not have done, or left undone something a reasonably prudent man would have done, which proximately resulted in the death of the deceased.

"(B) I charge you, gentlemen of the jury, that under the issues in this case the burden is by the law placed on the plaintiff to prove by the evidence to your reasonable satisfaction every material allegation contained in one of the counts in the plaintiff's complaint, and if the plaintiff has failed to do this you should return a verdict for the defendant.

"(C) I charge you, gentlemen of the jury, that if the defendant, Charles V. Galloway, at the time plaintiff's intestate was in said car, and at the time said car ran off said embankment and killed plaintiff's intestate was exercising that degree of care and diligence which a man of reasonable prudence engaged in like business would exercise for his own protection and the protection of his family and property, then the defendant, Charles V. Galloway, was not guilty of negligence, and you would not be authorized to find a verdict for the plaintiff under either count of the complaint."

This certainly charged the law of the case as to the burden of proof, and the duty owed by defendant to plaintiff's intestate, as well as what proof was necessary to a recovery, as favorably as defendant was entitled to have it charged.

Under all the evidence there can be no reasonable doubt that deceased was a passenger in the automobile, and that the defendant owed him the duty which he owed any other passenger therein, and this whether or not he was the defendant's expressly invited guest.

There was no error in overruling the motion for a new trial. Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.