(88 South. 588)

### BARKER v. DAIRYMEN'S MILK PRODUCTS CO. (7 Div. 173.)

(Supreme Court of Alabama. April 7, 1921.)

**Master and servant ⊂⊃302(2) — Automobile truck owner not liable for injury to child invited to ride by chauffeur.**

The owner of an automobile delivery truck *held* not liable for injuries to a child eight years old, who fell off while riding by the permission or at the invitation of the chauffeur without the owner's knowledge or consent and without necessity therefor.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action, by Leonard Bell Barker, by next friend, against the Dairymen's Milk Products Company, for damages for injury alleged to have been inflicted by one of defendant's trucks. On account of rulings on the pleading, plaintiff took a nonsuit and appealed. Affirmed.

Suit by plaintiff, a minor eight years of age, against the defendant to recover damages for injuries alleged to have been received from falling off the truck of defendant and operated by defendant's servant. The defendant interposed certain special pleas, and the court overruled plaintiff's demurrer thereto, whereupon plaintiff took a nonsuit to review this action of the court.

There were four counts in the complaint, which alleged in substance that the plaintiff, a minor, was invited, permitted, or induced to get upon the truck of defendant by defendant's chauffeur; in some of the counts it being alleged that plaintiff was induced by said chauffeur to ride upon said truck, and to assist him in the delivery of merchandise, giving the plaintiff ice cream cones and other things to eat, and as a result of the inducement or permission to come aboard said truck he was permitted to fall, sustaining the injuries complained of. It is also averred that defendant's servant was acting within the line and scope of his authority in permitting or inducing plaintiff to come upon the truck.

There was a general denial, and special pleas. Each of the special pleas was demurrable, on the ground that the defense was available under the plea of general issue. No such assignment was interposed, and counsel in brief state this was done for the purpose of testing the law of the case upon the pleadings, the plaintiff being a nonresident, and so desiring.

The last three pleas of defendant presented the question of respondeat superior, which is the question sought to be determined upon this appeal. By these pleas the defendant sets up that its servant, the chauffeur, if he permitted, invited, or induced the plaintiff to ride upon said truck, was, in inviting, permitting, or inducing the plaintiff to ride upon said truck, acting without the line and scope of his authority; that the servant had no authority, express or implied, to hire, request, invite, or permit any one to assist him in performing the duties to which he was assigned, and, further, that no assistance was necessary; and that if plaintiff went on defendant's truck, by the permission or at the invitation of its chauffeur, that said presence on the truck was without the knowledge or consent of the defendant, and that its agent was not acting within the line and scope of his duties when he permitted, invited, or induced plaintiff to ride. The demurrers raised the point that these averments constituted no defense in law to plaintiff's cause of action as set up in the complaint.

Ross Blackmon and J. B. Holman, Jr., both of Anniston, for appellant.

Court erred in overruling demurrers to the pleas. 70 Ala. 268; 81 Ala. 234, 1 South. 273; 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; 94 Ala. 286, 10 South. 282, 14 L. R. A. 515, 33 Am. St. Rep. 119; 201 Ala. 138, 77 South. 562, this last case particularly. It is the law of agency that the principal is liable for the tort of the agent in the performance of the business which he is employed to transact, although done without the knowledge of the principal and in violation of instructions. 2 Morawetz, Private Corporations, § 730; 3 Ala. App. 296, 57 South. 82; 10 Ala. App. 537, 65 South. 667; 150 Ala. 415, 43 South. 726; 10 L. R. A. (N. S.) 653; 62 South. 12; 201 Ala. 138, 77 South. 562; 189 Ala. 600, 66 South. 585.

Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

The law of respondeat superior does not apply. 3 Ala. App. 296, 57 South. 82; 201 Ala. 138, 77 South. 562; 15 La. 169, 35 Am. Dec. 194; 157 N. C. 324, 72 S. E. 1067, 46 L. R. A. (N. S.) 199; 122 S. W. 131; 162 Mass. 319, 38 N. E. 498, 27 L. R. A. 173, 44 Am. St. Rep. 359; 165 Mass. 348, 43 N. E. 100, 52 Am. St. Rep. 523; 76 Tex. 353, 13 S. W. 475; 136 Fed. 306, 69 C. C. A. 444, 70 L. R. A.

915; 78 Miss. 147, 28 South. 823, 84 Am. St. Rep. 620; 189 Ala. 600, 66 South. 585.

GARDNER, J. The issues presented by the pleadings will sufficiently appear in the statement of the case. The complaint alleges that plaintiff, a small boy, was invited or induced by defendant's chauffeur to ride upon the defendant's truck, which the servant was then operating in the delivery of merchandise for the defendant, and that he fell therefrom, receiving injuries as the result of the negligence of the chauffeur. The defense set up is that the chauffeur, in inviting the plaintiff to ride upon the truck, was acting without the line and scope of his authority, and without the defendant's knowledge or consent or authority, either express or implied, and without any necessity therefor. Speaking to the principle of law applicable to cases of this character, this court, in Gilliam v. S. & N. A. R. Co., 70 Ala. 270, said:

"If the agent, while acting within the range of the authority of his employment, do an act injurious to another, either through negligence, wantonness, or intention, then for such abuse of the authority conferred upon him, or implied in his employment, the master or employer is responsible in damages, to the person thus injured. But if the agent go beyond the range of his employment or duties, and of his own will do an unlawful act injurious to another, the agent is liable, but the master or employer is not."

And again, in Palos Coal Co. v. Benson, 145 Ala. 664, 39 South. 727, is the following:

"The act must be, not only 'within the scope of his employment,' but also 'committed in the accomplishment of objects within the line of his duties, or in or about the business or duties assigned to him by his employer.'"

Many of the cases bearing upon this question, and applying the principle of respondeat superior, will be found cited in the recent cases of Wells v. Henderson Land & Lbr. Co., 200 Ala. 262, 76 South. 28, L. R. A. 1918A, 115, and Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 South. 328, L. R. A. 1915F, 516; but we deem a review of them here unnecessary.

We are of the opinion that the case of Powers v. Williamson, 189 Ala. 600, 66 South. 585, is more nearly in point than any other decisions of this court, and in principle, in our opinion, is decisive of this appeal. The plaintiff in that case became an occupant of the car upon the invitation of the driver, and not of the owner [the defendant], and it was held that, should it be conceded that the driver was at the time of the accident engaged in the business of the defendant, yet nevertheless, as to the plaintiff, the driver was his own master, and did not as to her occupy the position of servant of the defendant. So, in the instant case, under the pleadings, the chauffeur, in inviting the plaintiff to ride

upon the truck, was acting for his own convenience and pleasure, and in such an act had stepped aside from the line and scope of his employment, for which conduct the master would not be liable.

The case of Galloway v. Perkins, 198 Ala. 658, 73 South. 956, involved the liability of an owner, himself driving the car, to an invited guest, for his own negligence, and is therefore without application here. The reference to the case of Powers v. Williamson, supra, was merely arguendo, and it must be confessed some confusion appears in the language as found in the report of the case, when the facts of the Powers Case are given careful consideration.

The general principle, as stated in Jones v. Strickland, 201 Ala. 138, 77 South. 562, to the effect that, if the agent is in fact acting within the line and scope of his employment, the principal may be held liable for his tort, notwithstanding the agent at the time was acting in disregard of instructions by the principal, is fully recognized, and not here questioned. But in the instant case there is shown a deviation from the business of the master, and not merely from the manner of performing the master's business.

The question here presented is not new, as disclosed from the numerous cases cited in the note to Dover v. Mayes Mfg. Co., 157 N. C. 324, 72 S. E. 1067, 46 L. R. A. (N. S.) 199, which fully sustain the conclusion here reached. The Dover Case, supra, is very much in point. So, also, are the following authorities: Hunter v. Corrigan, 139 Ky. 315, 122 S. W. 131, 120 S. W. 198, 43 L. R. A. (N. S.) 187; Driscoll v. Scanlon, 165 Mass. 348, 43 N. E. 100, 52 Am. St. Rep. 523; Bowler v. O'Connell, 162 Mass. 319, 38 N. E. 498, 27 L. R. A. 173, 44 Am. St. Rep. 359; Canton Warehouse Co. v. School, 78 Miss. 147, 28 South. 823, 84 Am. St. Rep. 620; Cook v. Houston Nav. Co., 76 Tex. 353, 13 S. W. 475, 18 Am. St. Rep. 52; Kirby v. L. & N. R. R. Co., 187 Ala. 443, 65 South. 358.

There is nothing in the instant case to suggest that it falls within any exception to the foregoing rule, if such exceptions exist. Our conclusion is that the trial court properly overruled the demurrers to the pleas, and the judgment should be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.