(89 South. 285)

CRIDER v. YOLANDE COAL & COKE CO.
(6 Div. 63.)

(Supreme Court of Alabama. April 17, 1921.
Rehearing Denied May 19, 1921.)

1. Carriers ⚖238—Person carried for accommodation not "passenger," but licensee.

Where plaintiff was being carried in defendant's motortruck as an accommodation, for which defendant received no pay, and was injured in accident, he was not a passenger, but at best a licensee, who assumed all the risks of carriage except such as might result from wanton or intentional wrong or a failure to exercise due care to avert injury after his danger became apparent, since "passenger" means one who by virtue of a contract puts himself in the care of a carrier by whom he is accepted for transportation from place to place (citing Words and Phrases, Second Series, Passenger).

2. Negligence ⚖22½—Pleader must allege wanton or intentional injury to licensee on truck.

Where plaintiff was carried on defendant's motortruck as an accommodation, an allegation that the truck was negligently managed, resulting in plaintiff's injury, is not sufficient, since to found an action for injury to licensee there must be an allegation of wanton and intentional injury.

3. Negligence ⚖134(4)—Motor driver held not negligent as to rider.

Where plaintiff was carried for accommodation by the driver of defendant's motortruck, and while the driver was pulling out to one side of road to let an automobile pass he ran into a small hole, causing plaintiff to be thrown from the truck and injured, evidence held insufficient to show that defendant's driver was guilty of negligence in respect to the emergent duty presented by the conditions prevailing.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Negligence** ☞66(2)—**Motortruck rider held guilty of contributory negligence.**

Where plaintiff, riding for his own accommodation in defendant's motortruck, stood up in the truck with his arm on the top of the cab over the driver, and by accident was thrown out and injured, his position was one of unnecessary danger, and shows him guilty of contributory negligence.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by De Witt Crider, by next friend, against the Yolande Coal & Coke Company, for damages for personal injuries, having been thrown from a truck operated by defendant. Judgment for defendant, and plaintiff appeals. Affirmed.

Mathews & Mathews, of Bessemer, and Brown & Ward, of Tuscaloosa, for appellant.

Plaintiff was a passenger, and at least entitled to have that question submitted to the jury. 171 Ala. 300, 55 South. 111; 194 Ala. 265, 69 South. 875, L. R. A. 1916E, 1190; 198 Ala. 658, 73 South. 956; 10 C. J. 873, 874; 45 Conn. 284, 29 Am. Rep. 679. As to the duty of the carrier under the circumstances of this case, see 156 Ala. 199, 47 South. 67, 19 L. R. A. (N. S.) 717; 196 Ala. 118, 72 South. 11; 194 Ala. 211, 69 South. 614; 194 Ala. 194, 69 South. 641; 194 Ala. 338, 70 South. 7; 14 Ala. App. 310, 70 South. 186; 10 C. J. 873, 874. He was at least an invitee or licensee, and entitled to protection. Authorities supra.

Foster, Verner & Rice, of Tuscaloosa, for appellee.

The court committed no error in directing a verdict for the defendant under any of the counts. 171 Ala. 300, 55 South. 111; 93 Ala. 356, 9 South. 611. Under any aspect of the case plaintiff could be nothing other than a licensee, and defendant's duties and responsibilities measured by the rule of licensees. 93 Ala. 360, 9 South. 611; 149 Mass. 204, 21 N. E. 311, 14 Am. Rep. 411; 49 Or. 583, 90 Pac. 501, 12 L. R. A. (N. S.) 131. The facts in no wise warrant an imputation of wantonness or intentional wrongdoing on the part of the driver of the truck. 117 Ala. 367, 23 South. 231; 116 Ala. 198, 22 South. 457; 110 Ala. 328, 20 South. 345; 105 Ala. 599, 17 South. 176; 93 Ala. 418, 9 South. 720.

SAYRE, J. Defendant, appellee, owned and operated two coal mines, separated by some distance, and a large automobile truck which passed back and forth between the two. The road between the two mines passed through the village of Abernant, where it crossed a railroad, turning first sharply to the track, and then again, after crossing, sharply into the general direction of the track. Defendant's truck was not equipped to carry passengers, nor was it operated for that purpose. The driver, however, was in the habit of picking up any one who happened to be going in the same direction, chiefly employés of defendant, and others who worked in and about its mines, and the evidence afforded an inference, it may be conceded, that defendant's superintendent was aware of this practice. On the occasion in question the truck, shortly before reaching the railroad, slowed up to allow some one to alight, when several young men got aboard, plaintiff, 20 years of age, among them. It may be stated—though not conceived to be of legal consequence—that these young men were allowed to get aboard the truck in pursuance of the general practice and without regard to the presence, desire, or convenience of plaintiff in particular. No charge was made for the accommodation thus extended. Plaintiff stood upon the floor of the truck, leaning with his back against the cab or hood over the driver's seat, one arm resting on its top. After the truck had crossed the railroad, and was about to turn again, though moving, as plaintiff testified, at the rate of 20 or 25 miles an hour, an automobile in the rear signaled for room to pass, whereupon the driver of the truck steered 2 or 3 feet to the right, and just at the turn—to use plaintiff's language—"hit a hole." Plaintiff testified:

"It was just a rut washed out in the side of the road; could not say how deep it was—something like a foot—on the right side of the road."

As a result plaintiff lost his balance and fell from his place on the truck, the rear wheel of which ran over his leg, inflicting grievous injury. Plaintiff was not defendant's employé. Plaintiff was employed as a miner by an independent contractor in one of defendant's mines, and was not in any other wise related to defendant or its business.

Evidence was taken on several counts and at the end of it the trial court gave the general charge as requested by defendant. This charge was correctly given as far as it concerns counts 1 and 2, in which plaintiff declared as an employé. Plaintiff, as we have said, was not an employé of defendant.

[1] In counts A, B, C, and D plaintiff declared as a passenger. A passenger, for the purpose of this case, may be defined as one who, by virtue of a contract, express or implied, puts himself in the care of the carrier, and is accepted by the carrier, for transportation from place to place. Out of the relation the duty arises on the part of the carrier to transport the passenger. 3 Words and Phrases, Second Series, 904. Plaintiff, having availed himself of transportation by

means of defendant's truck in the circumstances stated, was not a passenger. He was at best a mere licensee, and assumed all the risks of carriage except such as might result from wanton or intentional wrong or a failure to exercise due care to avert injury after his danger became apparent. McCauley v. T. C. I. Co., 93 Ala. 356, 9 South. 611; Lawrence v. Kaul Lbr. Co., 171 Ala. 300, 55 South. 111. Plaintiff, according to the undisputed testimony, was not a passenger, and for that reason the general charge was properly given as against counts A, B, C, and D.

[2] In counts 7 and 8 the allegation was merely that plaintiff was "rightfully on the truck." Count 7 alleged that "defendant was guilty of negligence, and as a proximate consequence of said negligence he was thrown or caused to fall from said truck." The allegation of count 8 was that defendant's agent in charge of the truck—

"knew of the peril and danger to plaintiff in rounding said curve at a high rate of speed, and after the discovery of such peril said agent or servant so in charge or control of the operation or running of said automobile truck or motor vehicle negligently ran said machine around such curve at a high and dangerous rate of speed."

There were demurrers to these counts, but since they were ruled in favor of the plaintiff no question as to their sufficiency is now presented. Construed with favor to plaintiff in view of the undisputed facts of the case, these counts would be taken to mean that plaintiff was on defendant's truck as a licensee, since he was there for his own pleasure or benefit, defendant having no interest or advantage in his presence. A. G. S. Ry. Co. v. Godfrey, 156 Ala. 219, 47 South. 185, 130 Am. St. Rep. 76. There being no charge of wanton or intentional injury in these counts, the principle of the cases first cited, supra, would exclude a recovery on count 7.

[3, 4] But count 8 proceeds on the theory of subsequent negligence and may need further statement. This count means, as we conceive, that defendant's agent was negligent in respect of the immediate and emergent duty presented by the actual conditions obtaining at the time of the accident. Appel v. Selma Street Ry. Co., 177 Ala. 457, 59 South. 164. This does not mean that defendant's servant should have maintained a lookout in anticipation of possible danger to plaintiff, but it does mean that the immediate and emergent danger presented by the circumstances must have been actually known to defendant's agent in order to charge defendant with responsibility. L. & N. R. R. Co. v. Calvert, 170 Ala. 565, 54 South. 184. Our judgment is that, on the evidence in this case, defendant's agent, as matter of law, was not, within the purview of the stated rule, made aware of plaintiff's danger in advance of his injury, and hence was guilty of no dereliction of duty, and further, that, even if negligence might be attributed to defendant's agent, still plaintiff took a position of unnecessary danger, and in doing so he was, upon the undisputed evidence, guilty of negligence contributory to his injury, put in issue by appropriate plea. Beyer v. L. & N. R. Co., 114 Ala. 424, 21 South. 952. Our conclusion, therefore, is that the judgment should be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.