(108 So. 38)

## GARNER v. BAKER.  (7 Div. 611.)

(Supreme Court of Alabama.   April 8, 1926.)

**1. Automobiles** ⊜⟿238(2)—**Count alleging plaintiff was passenger in automobile driven by defendant's agent held not demurrable.**

Count in personal injury action, alleging that plaintiff was passenger riding in automobile of defendant, driven by defendant's agent, *held* not demurrable, since it sufficiently showed relationship and resulting duty not to negligently injure plaintiff.

**2. Automobiles** ⊜⟿181(1).

Driver of automobile is bound to exercise reasonable care to avoid injuring guest.

**3. Automobiles** ⊜⟿193(10).

Automobile owner is not liable to injured guest of driver who was owner's agent in operation of car.

**4. Automobiles** ⊜⟿238(2)—**Counts, alleging plaintiff was riding in defendant's automobile as his guest, car being driven by his agent, held not demurrable.**

Counts in personal injury action, alleging that plaintiff was riding in defendant's automobile as his guest and at his invitation, car being driven by his agent, *held* not demurrable, since owner is liable to one riding as his guest, whether car is driven by himself or by authorized agent.

**5. Automobiles** ⊜⟿238(2)—**Count, alleging defendant requested wife to ask plaintiff to accompany her as guest of defendant, held not demurrable.**

Count in personal injury action, alleging that defendant requested wife to ask plaintiff to accompany her in automobile, "as guest of defendant," and that plaintiff was· in car as guest of defendant, *held* not demurrable, since owner is liable to one riding as his guest.

**6. Automobiles** ⊜⟿238(2)—**Count, alleging defendant's wife at his request invited plaintiff to accompany her as a guest in automobile, held not demurrable.**

Count in personal injury action, alleging that defendant's wife at his request invited plaintiff to accompany her as a guest in automobile, *held* not demurrable, though it does not state that plaintiff was guest of defendant, since acceptance of defendant's invitation made plaintiff passenger.

**7. Appeal and error** ⊜⟿866(1)—**Effect of successive rulings at different times on demurrers to successively filed pleas is cumulative in compelling nonsuit, and each of rulings may be assigned for error.**

Effect of successive rulings at different times on demurrers to successively filed pleas ·is cumulative in compelling nonsuit, and each of rulings may be assigned for error.

**8. Appeal and error** ⊜⟿662(2).

As to cause of nonsuit judgment entry is conclusive.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Lola Garner against D. L. Baker. Plaintiff took a nonsuit and appeals from adverse rulings on pleading. Reversed and remanded.

The plaintiff sues under six counts to recover damages for personal injuries suffered while riding in an automobile, the property of the defendant, and being driven on a public highway at the time by his wife, Minnie M. Baker, whose negligent operation of the car caused plaintiff to be violently thrown therefrom and injured. Each count alleges that the car was being driven by Mrs. Baker, an agent or servant of defendant, acting within the line and scope of her duty as such, in so driving it.

Count 2 alleges that plaintiff "was a passenger riding in an automobile of defendant."

Count 3 alleges that plaintiff, "by invitation of defendant, was riding in an automobile of defendant as his guest," at the time of her injury.

Count 4 alleges that Mrs. Baker "did, at defendant's request, invite the plaintiff to accompany her as a guest in said automobile, in response to which said invitation the plaintiff then and there entered said automobile as such guest, and * * * that, while she was in said car as such guest," it was negligently driven by Mrs. Baker, and plaintiff was injured, as aforesaid.

Count 5 alleges that "the defendant requested the plaintiff to enter defendant's automobile and to ride therein as his guest, in response to which invitation of defendant the plaintiff then and there entered said automobile as said guest of defendant," and was in the car as such guest.

Count 6 is the same as count 4, except that it alleges that defendant requested Mrs. Baker to ask plaintiff to accompany her "as a guest of defendant," and that plaintiff was in the car as a guest of defendant.

On August 24, 1925, demurrers were sustained to counts 1 and 2, and counts 3 and 4 were filed on August 26, 1925. On September 2, 1925, demurrers were sustained to counts 3 and 4, and on the same day counts 5 and 6 were filed. On October 1, 1925, demurrers were sustained to counts 5 and 6.

On October 19, 1925, the following judgment entry was made of record:

"On this the 19th day of October, 1925, come the parties by attorneys, and, on account of the adverse rulings of the court in sustaining defendant's demurrers to counts 1, 2, 3, 4, 5, and 6, respectively and separately, plaintiff takes a nonsuit with notice of appeal, to Supreme Court of Alabama for review of said rulings of this court by said Supreme Court. It is ordered and adjudged by the court that a nonresident be entered in this case, and that the defendant go hence and recover judgment against the said plaintiff for the costs in this behalf expended, and for which let execution issue."

⊜⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The appeal is on the record.

Culli, Hunt & Culli, of Gadsden, for appellant.

The averment that plaintiff was a passenger in defendant's automobile was sufficient to show a duty on the part of defendant not to negligently injure her. Perkins v. Galloway, 69 So. 875, 194 Ala. 265, L. R. A. 1916E, 1190; Id., 73 So. 956, 198 Ala. 658; Armstrong v. Montgomery St. R. Co., 26 So. 349, 123 Ala. 233; B. R., L. & P. Co. v. Adams, 40 So. 385, 146 Ala. 267, 119 Am. St. Rep. 27. A count averring that plaintiff, by invitation of defendant, was riding in an automobile of defendant as his guest, and that said automobile was being driven by defendant's servant or agent, acting within the line and scope of her duty as such, shows a duty on the part of defendant not to negligently injure plaintiff. McGeever v. O'Byrne, 82 So. 508, 203 Ala. 266; Perkins v. Galloway, supra. If defendant instructed his agent to invite plaintiff to accompany her as a guest, a relation was thereby established, out of which arose a duty by defendant to plaintiff. Barker v. Dairymen's Milk Prod. Co., 88 So. 588, 205 Ala. 470. As to liability of the owner of an automobile to a guest, whether the automobile be driven by the owner or his agent, see Powers v. Williamson, 66 So. 585, 189 Ala. 600.

O. R. Hood, of Gadsden, for appellee.

Plaintiff is not entitled to a review of rulings anterior in time to the ruling causing the nonsuit. Engle v. Patterson, 52 So. 397, 167 Ala. 117. Counsel argues that the counts were subject to the demurrer and cite Powers v. Williamson, 66 So. 585, 189 Ala. 600; Barker v. Dairymen's Prod. Co., 88 So. 588, 205 Ala. 470; Crider v. Yolande Coal Co., 89 So. 285, 206 Ala. 71.

SOMERVILLE, J. [1] In B. R. L. & P. Co. v. Adams, 40 So. 385, 146 Ala. 267, 272, 119 Am. St. Rep. 27, it was held that a count showing that the plaintiff was a passenger in the defendant's car, operated by the defendant at the time of the injury, though not a common carrier, sufficiently showed the relationship and the resulting duty not to negligently injure the plaintiff while so transporting him. To the same effect is Lawrence v. Kaul Lumber Co., 55 So. 111, 171 Ala. 300, 305. On the authority of those cases, count 2 of the complaint in this case must be held not subject to the demurrer, and the demurrer was erroneously sustained.

[2] In this state, as probably everywhere else, it is settled that the operator or driver of a motorcar, or other vehicle, is bound to exercise reasonable care to avoid injuring any one whom he is transporting as his guest. Perkins v. Galloway, 69 So. 875, 194 Ala. 265, L. R. A. 1916E, 1190; McGeever v. O'Byrne, 82 So. 508, 203 Ala. 266; Powell

v. Berry, 89 S. E. 753, 145 Ga. 696, L. R. A. 1917A, 306; 13 Neg. & Comp. Cases, 858, and notes.

[3-5] And, on the principle of respondeat superior, the owner of the car must be held liable to one riding therein as *his* guest, whether such owner is driving the car in person, or by his authorized agent or servant, with or without the presence of the owner in the car. See Powers v. Williamson, 66 So. 585, 189 Ala. 600. But, as held in that case, one who is riding as a guest in the car, though the car is being driven by the owner's agent or servant duly authorized thereto, may be the guest of the agent or servant, and not of the owner; and, if the driver, though acting duly for his master *in the operation* *of the car*, was not acting for him in accepting and transporting the guest, the master and owner could not be held liable. Powers v. Williamson, supra. Hence the fact that the driver of the car, though operating it as the servant of the owner, invites a passenger to become his (the driver's) guest, does not *as to such* guest make the driver the servant of the owner in respect to the safe transportation of the guest.

Applying these principles to the case before us, we hold that counts 3, 5, and 6 state a cause of action within those principles, and are not subject to any of the grounds of demurrer assigned. As to those counts, the demurrer was erroneously sustained.

[6] Count 4 differs from count 6 in but one particular—it does not categorically aver that the plaintiff was the guest of the defendant. But, under the principles declared in Lawrence v. Kaul Lumber Co., 55 So. 111, 171 Ala. 300, 305, 306, the invitation of the defendant, and its acceptance by the plaintiff, made her a passenger, imposing upon the defendant the resulting duty and liability for its breach. It results that the demurrer to this count was erroneously sustained.

[7] Counsel for appellee makes the point that, under the showings of the record—referring especially to the periods of time that elapsed between the successive judgments of the trial court on the demurrers as the new counts 3 and 4, and later 5 and 6, were successively filed—it appears that the nonsuit was the result of sustaining the demurrers to the fifth and sixth counts, merely, and that therefore the prior judgments on the demurrers to the counts of the original complaint, and to added counts 3 and 4, cannot be properly reviewed on this appeal.

[8] We think that this contention is without merit. The mere lapse of time between the several rulings and judgments complained of was not material. As held in Russell v. Garrett, 93 So. 711, 208 Ala. 92, the effect of successive rulings at different times on demurrers to successively filed pleas is cumulative in compelling the nonsuit, and each of the rulings may be assigned for error. As to

the cause of the nonsuit the judgment entry is conclusive, and is apt and sufficient in this case. Long v. Holley, 47 So. 655, 157 Ala. 514; Russell v. Garrett, supra.

For the errors noted, the judgment will be reversed, and the cause remanded, for further proceedings in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.