(128 So. 227)

## PERRY SUPPLY CO. v. BROWN.

### 6 Div. 440.

Supreme Court of Alabama.

March 27, 1930.

Rehearing Denied May 22, 1930.

Bowers & Dixon, of Birmingham, for appellant.

Fred Fite, of Birmingham, for appellee.

**GARDNER, J.**

Plaintiff's intestate (George Heard) met his death while riding in the side car of defendant's motorcycle, operated at the time by defendant's servant. The side car was not intended for passenger use, but for transportation of goods. The driver had made a delivery of merchandise for defendant, and was on his return trip to defendant's place of business, when Heard, a stranger to defendant and its business, for his own convenience and pleasure, boarded the side car. From plaintiff's proof it would appear Heard was so invited by the driver, but the evidence is without dispute that the driver had no such authority and his instructions were to the contrary.

Under these circumstances, therefore, in extending such invitation the driver was acting beyond the line and scope of his employment, and for his simple negligence defendant would not be liable. Barker v. Dairymen's Milk Products Co., 205 Ala. 470, 88 So. 588; Garner v. Baker, 214 Ala. 385, 108 So. 38; Crider v. Yolande Coal & Coke Co., 206 Ala. 71, 89 So. 285; Lawrence v. Kaul Lumber Co., 171 Ala. 300, 55 So. 111; McCauley v. Tenn. Coal, Iron & R. R. Co., 93 Ala. 356, 9 So. 611.

From defendant's evidence it would appear Heard boarded the car without the driver's consent and over his protest and was a trespasser. But, in either event, so far as defendant is concerned, Heard was where he had no right to be, and therefore a trespasser. Higbee Co. v. Jackson, 101 Ohio St. 75, 128 N. E. 61, 14 A. L. R. 131. After thus riding with defendant's driver for a considerable distance, the motorcycle collided with an automobile and Heard was killed.

The case was submitted to the jury solely upon the wanton count, and it is not here controverted that the evidence was sufficient for submission of the issues thereunder for the jury's determination.

Defendant insists there can be no liability even for wantonness for the reason that in any aspect of the evidence defendant's servant was acting beyond the scope of his employment in permitting Heard to ride. There are authorities to support this view. O'Leary v. Fash, 245 Mass. 123, 140 N. E. 282; Morris v. Fruit Co., 32 Ga. App. 788, 124 S. E. 807. The question is fully discussed by the Ohio Supreme Court in Higbee v. Jackson, 101 Ohio St. 75, 128 N. E. 61, 62, 14 A. L. R. 131, in a well-considered opinion, wherein it was said that conceding the plaintiff "was on the truck as a trespasser, it must also be conceded that he was entitled to the rights of a trespasser." The court then proceeds to show that defendant owed to plaintiff, a trespasser, a negative duty not to injure him by wanton or wilful conduct. The holding of the Ohio court is sustained by the great weight of authority, as is disclosed by citations found in the note to the Jackson Case, supra, 14 A. L. R. 147–149. See, also, 1 Blashfield Cyc. of Automobile Law, p. 972. Though cited to the contrary in the dissenting opinion of the Jackson Case, supra, we construe Rolfe v. Hewitt, 227 N. Y. 486, 125 N. E. 804, 14 A. L. R. 125, as in fact supporting the majority view of the Ohio court, at least inferentially, as in discussing one of the grounds of reversal the court said: "There is absolutely no evidence in the record which would justify a finding that the chauffeur wantonly or wilfully injured the intestate * * * and the jury should have been so instructed."

We are in accord with the Ohio court that plaintiff's intestate, as a trespasser, was entitled to the rights of a trespasser, which were that defendant should not wantonly or willfully injure him. It cannot be questioned that defendant's servant was acting within the line and scope of his employment while driving the motorcycle to defendant's place of business, and the fact that Heard, some short time before the accident, had become a "trespassing passenger" so to speak, is but an incident which had no connection with the collision that followed. The decisions of this court are in harmony with the opinion in the Jackson Case., supra, as will appear from the following of our cases: Crider v. Yolande Coal Co., 206 Ala. 71, 89 So. 285; Lawrence v. Kaul Lumber Co., 171 Ala. 300, 55 So. 111; McCauley v. T. C., I. & R. R. Co., 93 Ala. 356, 9 So. 611.

In McGhee v. Birmingham News Co., 206 Ala. 487, 90 So. 492, 493, plaintiff was a trespasser upon defendant's motortruck, and in discussing the question of liability the court said: "It is well settled that the only duty owed to such a person under those circumstances is not to wantonly or intentionally injure him." No wanton count was involved in Garner v. Baker, 214 Ala. 385, 108 So. 38, or Barker v. Dairymen's Milk Products Co., 205 Ala. 470, 88 So. 588, cited by defendant, and that of Powers v. Williamson, 189 Ala. 600, 66 So. 585, dealt with facts at variance with those in the instant case, as disclosed by reference thereto in Galloway v. Perkins, 198 Ala. 658, 73 So. 956, where it was said the doctrine of respondeat superior did not there apply.

But we forego further discussion. We conclude that under our cases as well as the weight of authority elsewhere, the defendant owed plaintiff's intestate the same duty as it did to any other trespasser, not to wantonly

or wilfully injure him, and that the charges requested by defendant rested upon a contrary theory, were properly refused.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.