147 So. 672

## HODGES v. WELLS.
### 2 Div. 6.

Supreme Court of Alabama.
Dec. 8, 1932.

Rehearing Denied May 4, 1933.

John S. Tilley, of Montgomery, for appellant.

560

Pettus, Fuller & Lapsley, of Selma, for appellee.

THOMAS, Justice.

Count 1 as originally filed and amended count 2, as appear in the record proper before us, present no case of the violation of the rule against uniting several distinct causes of action in one count, as urged by counsel. National Surety Co. v. Plemmons, 214 Ala. 596, 108 So. 514; Deason v. Gray, 192 Ala. 611, 69 So. 15; Id., 189 Ala. 672, 66 So. 646; Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794; Shirley v. McDonald, 220 Ala. 50, 124 So. 104. The general rule is stated in Graham v. Central of Georgia Ry. Co., 217 Ala. 658, 117 So. 286; Sloss-Sheffield Steel & Iron Co. v. Payne, 192 Ala. 69, 68 So. 359. The statutes applicable are General Acts 1931, p. 312, § 13, amendatory of General Acts of 1927, pp. 309, 313. And there was no error in not sustaining demurrer on that ground, as presented by argument of appellant's counsel.

It is apparent that neither count 1 nor count 2 violated the rule against misjoinder of separate causes of action in one count, under our recent decisions and the statutes having application. General Acts 1931, p. 312, § 13, amendatory of General Acts 1927, pp. 309, 313, § 5. The rights relating to the bond or policy of indemnity insurance are the same, and action may be had thereon in one count; a like benefit to the injured party is given in a proper case by the statute.

There are further grounds of demurrer assigned and urged as error that require consideration. The charge or statement of fact contained in count 1 is that said intestate was riding as a passenger of (or) licensee on said truck; and that in count 2 is that said intestate was riding as such a passenger or guest on said truck; but it did not appear from such averments whether plaintiff's intestate was riding on defendant Hodges' truck as a passenger or as a licensee; nor was it shown that plaintiff's intestate was riding on defendant Hodges' truck by invitation, consent, permission, or with the knowledge of either of the defendants. There was reversible error in overruling the demurrers to the complaint as amended and its count 1, by reason of the failure to definitely inform the defendant in what relation, capacity, or authority said intestate was upon the car—whether as a passenger or a licensee. This was necessary to measure the duty of defendant to said intestate and the extent of the liability, if such there was. Without more definite averment the court and parties at interest could not know the due application of the definite rule of law to the pleading and evidence.

In Reed & Cates v. Barnes (Ala. Sup.) 142 So. 544,[1] there was no invitation, express or implied, from the driver of the truck; nor was it shown that the driver had any knowledge that intestate was on the truck or that he boarded the truck with the knowledge and consent of the driver. See, also, First Nat. Bank of Dothan v. Sanders (Ala. Sup.) 143 So. 578; [2] Perkins v. Galloway, 194 Ala. 265, 268, 69 So. 875, L. R. A. 1916E, 1190; Lawrence v. Kaul Lumber Co., 171 Ala. 306, 55 So. 111.

For the purpose of another trial, we may say that under the issues made by the amended complaint and the instructions sought by charges 3, 8, and 9, the following authorities may be consulted with interest: Barker v. Dairymen's Milk Products Co., 205 Ala. 471, 472, 88 So. 588; Southern Ry. Co. v. Carlton, 218 Ala. 265, 118 So. 458; General Exchange Ins. Corporation v. Findlay, 219 Ala. 193, 121 So. 710; Perry Supply Co. v. Brown, 221 Ala. 290, 128 So. 227; Psota v. Long Island R. Co., 246 N. Y. 388, 159 N. E. 180, 62 A. L. R. 1163–1172, and authorities noted.

■ In the absence of the oral charge, we need not pass upon the correctness vel non of said refused charges, and whether their refusal injuriously affected the rights of appellant. Berry v. Dannelly, Ex'x (Ala. Sup.) 145 So. 663; [3] Climer v. St. Clair County Telephone Co., 200 Ala. 656, 77 So. 30; section 9509, Code of 1923; Denton v. State, 17 Ala. App. 309, 85 So. 41; Carden v. State, 17 Ala. App. 328, 329, 85 So. 36.

■ There was no error in allowing the witness Hodges to testify as to the relevant and competent matters or transactions with the deceased, and the witness was not, as objected by defendant, within the rule of section 7721 of the Code in telling of the facts and how deceased came to be upon the truck. Kuykendall v. Edmondson, 205 Ala. 265, 87 So. 882; Alabama Power Company v. Stogner, 208 Ala. 666, 95 So. 151; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Drummond v. Drummond, 212 Ala. 242, 102 So. 112.

■■ The rate of speed of the truck when leaving Uniontown had no tendency to illustrate its speed several miles therefrom and at the place of the accident; and the answer, "driving fast * * * between 35 and 50 miles an hour," of witness Long, should have been excluded on defendant's motion, due objection having been interposed, overruled, and exception taken before the answer. Each case depends upon its own facts. Townsend v. Adair, 223 Ala. 150, 134 So. 637; Bains Motor Co. v. Le Croy, 209 Ala. 345, 96 So. 483; Davies v. Barnes, 201 Ala. 120, 77 So. 612; Whittaker v. Walker, 223 Ala. 167, 135 So. 185. The witness Long was allowed to describe the "skid marks" on the road made by the truck; had qualified to express his opinion of how such marks were made by the loaded truck which he knew was loaded with cotton seed, and testified that "similar marks could be caused by excessive load or swaying of the load." In this there was no error. Jackson v. Vaughn, 204 Ala. 543, 86 So. 469.

■ The defendant should have been permitted to state, as a matter of fact, whether intestate was upon the truck by invitation of defendant, or by his agent in charge. Dickson v. Dinsmore, 219 Ala. 353, 122 So. 437; Sovereign Camp, W. O. W., v. Hoomes, 219 Ala. 564, 122 So. 686; Reed v. Ridout's Ambulance, 212 Ala. 428, 102 So. 906.

■ There was no error in allowing the witness Clayton Wells to tell what was said about intestate going on the truck; it was competent to illustrate why and how he came to be upon the truck—whether as a trespasser or a guest of the driver, or that of the defendant.

■ The driver of the truck "with a semi-trailer" on which said intestate was riding when injured, as a witness having duly qualified as to his experience in driving such a motor vehicle as that driven at the time of the collision, should have been permitted to answer whether he was so close to the wagon that it was necessary "to turn off sharply to the left to avoid it"; and to answer, "Was there any way you could avoid running into the wagon except by turning to the left?" These were conclusions that are permitted from one so qualified to speak. Reaves v.

[1] 225 Ala. 219.
[2] 225 Ala. 417.
[3] Ante, p. 151.

Maybank, 193 Ala. 614, 621, 622, 69 So. 137; Landham v. Lloyd, 223 Ala. 487, 136 So. 815; Jones v. Keith, 223 Ala. 36, 134 So. 630; Sovereign Camp, W. O. W., v. Hoomes, 219 Ala. 564, 122 So. 686.

■ We have indicated that it was competent for witness to testify that when he let intestate ride, it was in disobedience to the instructions of Mr. Hodges (the defendant) given that evening. It was material to the question of whether decedent was defendant's guest or passenger, or whether the driver turned aside from the line and scope of his employment in permitting intestate to ride thereon, or whether he was trespassing thereupon. So the questions, "Was he on that truck that day against your wishes?" "Did you tell your father when he was about to make this trip that it was against the rules?" and, "When you were carrying your father, were you obeying instructions or disobeying them?" were competent and material.

This will suffice for another trial. The judgment of the circuit court is therefore reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

### On Rehearing.

THOMAS, Justice.

We rest the judgment of reversal on the errors indicated on the original hearing, as committed on the trial in exclusion of the evidence.

All the Justices concur.