34 So.2d 148

**HARPER v. GRIFFIN LUMBER CO. et al.**
**6 Div. 536.**

Supreme Court of Alabama.

Feb. 5, 1948.

Rehearing Denied March 11, 1948.

London & Yancey, Geo. W. Yancey, and Frank E. Lankford, all of Birmingham, for appellees.

Ling & Bains, of Bessemer, for appellant.

LIVINGSTON, Justice.

Suit under the homicide statute, section 119, Title 7, Code of 1940, by Mrs. Myrtle Vines Harper, who sues as the mother of Harvey Elwood Vines, Jr., deceased, against Griffin Lumber Company, a partnership composed of O. A. Griffin and E. J. Staub, and Griffin and Staub, individually.

On a former appeal of this cause to this Court it was held that defendants were entitled to the affirmative charge, and a judgment for plaintiff was reversed and the cause remanded. Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505. The cause was retried in the court below on one count in which plaintiff alleged that the death of her intestate, Harvey Elwood Vines, Jr., was caused by the wanton misconduct of one J. B. Nickless, while acting within the line and scope of his authority as agent or employee of defendants in driving a lumber or logging truck, belonging to them, and the general issue interposed by defendants.

The substance of the evidence introduced on the first trial is set forth in the opinion rendered by this Court on former appeal. That evidence is substantially the same in the record now before us. In addition, plaintiff, on the second trial, examined Ted Blankenship, a youth eighteen years of age, who was not examined on the first hearing.

He testified that he was in a field near the highway, and some forty yards from the stone and concrete culvert wall when the truck struck it; that he observed the truck as it proceeded along the highway, that he noticed it when it was about three hundred yards from the culvert wall; that the noise of the truck first attracted his attention; that he looked away when the truck was about seventy-five feet from the culvert wall, and then the collision attracted his attention again; that in his opinion the truck was traveling about sixty-five miles per hour when three hundred yards away from the culvert wall, and that it increased its speed as it came down the hill; that he could see the occupants of the truck; that he did not see them make any unusual commotion, or any appearance of excitement, or anything out of the normal going on inside the cab, and that he didn't pay that much attention; that there were no other cars on the road anywhere near there at the time.

On the second trial, the jury returned a verdict for defendants, and from that judgment this appeal is prosecuted.

In the one count of the complaint, plaintiff alleged that her intestate was a *guest in defendants' truck* at the time he was killed. The uncontradicted evidence shows that appellees' truck driver, J. B. Nickless, had instructions not to permit riders, and that there was a sign "no riders" in the truck cab.

The trial court gave the following charges at the written request of the defendants:

"(32) I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that at the time and on the occasion of the accident involved in this case Harvey Elwood. Vines, Jr., was not a guest of the Griffin Lumber Company, a partnership, or of O. A. Griffin or E. J. Staub, you cannot find a verdict in favor of the plaintiff and against the defendants."

"(34) I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that the person in charge of said truck at the time of the accident involved in this case was not acting within the line and scope of his employment in permitting or allowing Harvey Elwood Vines, Jr., to ride on said truck at the time and on the occasion of the accident involved in this case; and if you are further reasonably satisfied that said driver in control of said truck on said occasion had been specifically instructed by O. A. Griffin or E. J. Staub, or both, not to permit the said Harvey Elwood Vines, Jr., or any one not an employee of the defendants, to ride on said truck, I then charge you that you cannot find a verdict in favor of the plaintiff and against the defendants."

■ It is to be noted that it is not alleged in the one count of the complaint that appellant's intestate was riding in the truck as a guest of the defendants, but merely that he was riding as a guest. Whether as. a guest of the driver of the truck or of the defendants does not appear. On the other hand, charges 32 and 34 are specific to the effect that if he was shown not to be a guest of the defendants, appellant could not recover. Under the uncontroverted evidence, and the law as declared in our cases, the deceased Vines was a trespasser. Perry Supply 'Co. v. Brown, 221 Ala. 290, 128 So. 227; Jewel Tea Co. v. Sklivis, 231 Ala. 590, 165 So. 824.

■ The duty owed to a guest under section 95, Title 36, Code of 1940, is not to willfully or wantonly injure or kill him. The same measure of duty is owed to a trespasser. McGhee v. Birmingham News. Co., 206 Ala. 487; 90 So. 492; Perry Supply Co. v. Brown, 221 Ala. 290, 128 So. 227.

This suit was instituted under the homicide act, section 119, Title 7, Code and the amount of recovery, if any, would be the same punitive damages, whether appellant's intestate was a guest of the defendants or a trespasser at the time he was. killed.

In Hodges v. Wells, 226 Ala. 558, 147 So. 672, it was held that defendant's demurrer to count one of the complaint, a count for simple negligence, should have been sustained because of its failure to definitely inform the defendant whether the plaintiff's intestate was a passenger or a licensee. This information was necessary to measure the duty of defendant to said intestate and the extent of the liability, if such there was.

■ The opposite of that situation is here presented. Here the duty to the deceased and the liability of the defendants is the same whether deceased was a guest or a trespasser. The fact as to whether deceased was a guest, or whose guest, or a trespasser, is not material to appellant's right to recover or to the amount of the recovery. Therefore, the allegations that deceased was a guest in defendants' truck are surplusage.

■ In accord with authorities generally, our cases hold that surplusage in a pleading need not be proved. Penry v. Dozier, 161 Ala. 292, 49 So. 909. As a general rule, no proof is required of allegations which are irrelevant, Birmingham Ry., Light & Power Co. v. Moore, 148 Ala. 115, 42 So. 1024, or unnecessary. Sovereign Camp, W. O. W. v. Adams, 204 Ala. 667, 86 So. 737; Birmingham Ry., Light & Power Co. v. Moore, supra.

■ It is also held that "it is not necessary that there should be an exact correspondence between the allegations of the complaint and the proof. The plaintiff is only required to prove the substance of the issues." Pure Oil Co. v. Cooper, 248 Ala. 58, 26 So.2d 249, 251.

■ Although the proof showed that appellant's intestate was a trespasser in defendants' truck at the time he met his death, if his death was the result of the wanton misconduct of defendants' agent or servant, acting within the line and scope of his authority, defendants were liable. The giving of charges 32 and 34 must therefore work a reversal of the cause.

■■ The trial court gave the following written charge for the defendants:

"(18) I charge you, gentlemen of the jury, that there is a presumption of law in the State of Alabama that no person will commit or has committed suicide, or wantonly caused himself to meet death."

Obviously, charge 18 was intended to call the jury's attention to the suicide or death of Nickless, the agent or servant of defendants, and the driver of the truck in which Vines met his death. Nickless' death, whether intentionally caused by himself, or the result of his own wanton misconduct, was in nowise an issue in the cause tried. Charge 18 is therefore abstract, if not otherwise faulty. Ordinarily, a cause will not be reversed for the giving of an abstract charge, but where harm is apparent, the giving of such a charge will work a reversal. There is no evidence whatever that Nickless committed suicide, and we are persuaded that the giving of charge 18 materially affected the jury in its determination of appellant's right to recover.

■ Charges 3 and 4 will be set out in the report of the case.

The only complaint as to charges 3 and 4 is the use of the words "willful and willfully," willfulness not being an issue in the case. Charges 3 and 4 correctly state the law. Any error because of the use of the words "willful" and "willfully" could have been corrected by an explanatory charge, and we would not reverse the case for such error.

For the errors pointed out, the cause is reversed and remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER, SIMPSON, and STAKELY, JJ., concur.

BROWN and LAWSON, JJ., dissent.

Justices BROWN and LAWSON are of the opinion that defendants were entitled to the general charge, and that any error in giving the charges set out in the opinion was error without injury, and that the cause should be affirmed. They therefore dissent.

Justice Brown is of the further opinion that the giving of charges 32 and 34 should not work a reversal of the case for the reason that the complaint alleges that appellant's intestate was a guest in defendants' truck, and the proof showed him to be a trespasser. One should not be permitted to allege the existence of a certain status, and failing in proof, recover on some other theory.