39 So.2d 399

**GRIFFIN LUMBER CO. et al. v. HARPER.**

**6 Div. 788.**

Supreme Court of Alabama.

Feb. 18, 1949.

Rehearing Denied March 31, 1949.

94

London & Yancey, Geo. W. Yancey, and Frank E. Lankford, all of Birmingham, for appellants.

Ling & Bains, of Bessemer, for appellee.

FOSTER, Justice.

This is the third appeal in this case. Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505; Harper v. Griffin Lumber Co., 250 Ala. 339, 34 So.2d 148. The evidence on the last trial included most of that introduced on the second trial, in so far as it affects the question involved with some important additions not necessary to note in detail.

 That question is whether the affirmative charge was due appellant, who was defendant below. On the first appeal, the majority of the Court held that the charge should have been given at defendant's request. On the second appeal, then by plaintiff, the majority reversed the judgment for defendant because of the giving of certain charges requested by defendant. The opinion does not consider the matter of whether the error in giving the charges was without injury on the theory that defendant was due the affirmative charge, which was refused by the court. But the principle is that it would be without injury if defendant was entitled to the affirmative charge. 2 Alabama Digest, Appeal and Error, ☜1029, page 802.

The question is a close one. It is whether or not defendant's truck driver wantonly caused the death of plaintiff's minor son who was riding on the truck, either as a guest or a trespasser. There was only one count, and that charged wantonness. A few facts may be stated to illustrate our view. The truck was operated by defendant's servant in the scope

of his authority along a highway about 2:00 P. M. with a very heavy load of logs. It passed over the crest of a hill going down a five percent grade for a distance of thirteen hundred feet and on a three percent grade for two hundred feet to the bottom of the grade, and then began upgrade of two percent one hundred and eighty-three feet to a point in the road where there was a culvert with stone abutments on each side. The road began a gradual curve to the left at the bottom of the grade, and was about a seven percent curve over the culvert. The truck driver was acquainted with the road, and could see the culvert from the crest of the hill. There was no other traffic on the road. The evidence does not show his speed as he went over the crest and started down. As he went down the road the speed was increased to about sixty-five or seventy miles an hour, and apparently in gear. The truck did not make the curve with the road. But the tracks show that it went straight and hit the abutment on the right with great force, throwing it off into the ditch and killing both the driver and plaintiff's son. The tracks showed no skid marks, and were straight. So that there were no brakes applied which slowed the speed, and it was not steered out of a straight course.

We think it is clear that if the driver operated the truck under those circumstances without making every reasonably available effort both to slow down the speed, either with brakes or with change of gear, and to steer its course to conform to the curve, the jury could find that the danger of so doing was so apparent as that he must have known it, and therefore that he did know it, and therefore that an intentional or reckless failure to make every reasonably available effort to reduce the speed and steer its course with the curve may be sufficient to support a wanton charge. All of those circumstances are supported by the evidence, except the matter of the reason for his failure to slow down the speed and make the curve.

■ To support wantonness in this case, the evidence must support the conclusion that the failure to slow down the speed and make the curve was due to the willful or reckless failure to exercise all reasonable effort to do so. There is no direct evidence on that subject. Certainly the speed at which the truck was traveling was not alone sufficient evidence from which wantonness may be inferred. The rate of speed must be intentional or reckless. The circumstances must require a reasonable inference of apparent danger from such speed.

■ The circumstances are sufficient to support a finding that such a speed was apparently dangerous, and that he knew of such danger. So that the question is controlled by the inquiry into the reason for such speed and the reason for not making the curve. As to that reason there is no evidence from which a reasonable inference may be drawn that it was willful or reckless, or that he was not doing what he could to avert the danger. Such brakes on the truck do fail unexpectedly at times, as shown by the evidence. Steering appliances do lock unexpectedly at times, as shown by the evidence. Was the failure of the driver due to such cause? No one can tell. There is a rebuttable presumption recognized by the law that every person in possession of his normal faculties in a situation known to be dangerous to himself, will give heed to instincts of safety and self-preservation to exercise ordinary care for his own personal protection. It is founded on a law of nature and has its motive the fear of pain or death. Atlantic Coast Line R. Co. v. Wetherington, 245 Ala. 313(9), 16 So.2d 720. This situation must be analyzed in the light of that presumption. There is no reasonable theory deducible from the evidence which conflicts with it. There are no circumstances shown by the evidence which support an inference that he either willfully or recklessly did not use the means available to minimize the danger. A verdict cannot be rested on speculation, especially when a well understood presumption conflicts with it.

Reversed and remanded.

BROWN, LAWSON and STAKELY, JJ., concur.

LIVINGSTON and SIMPSON, JJ., dissent.

96

BROWN, Justice (concurring).

To constitute wanton injury to plaintiff's intestate the driver of the truck must have been conscious of his conduct—that he was causing or allowing the truck to move forward at a high and dangerous rate of speed—conscious that plaintiff's intestate was in danger of being injured, and with reckless disregard of such danger, knowingly did some affirmative act, or omitted to do some duty within his power and known to him, which caused the truck to leave the highway and cause intestate's death. 7 Mayfield's Digest, pp. 626, 627.

The evidence in this case, as pointed out by the opinion of Mr. Justice FOSTER, leaves these questions to rest "upon speculation pure and simple—a choice merely of conjectures," wholly insufficient to warrant a verdict based on wanton or wilful conduct. St. Louis & S. F. R. Co. v. Dorman, 205 Ala. 609, 89 So. 70, 75, Gulf, Mobile & Ohio R. Co. v. Williams, 1949, 251 Ala. 516, 38 So.2d 334.