This appeal arises from the dismissal of the plaintiff's complaint in an action arising out of an on-the-job injury. The primary issue is whether the trial court erred in dismissing the complaint on the grounds that it was barred by the statute of limitations.
On October 6, 1983, Thomas Edison Waters was injured when he became pinned between the hydraulic boom and the cab of a loader manufactured by J.I. Case Company ("Case"). As a result of these injuries, the Alabama Forest Products Industry Workmen's Compensation Self-Insurer's Fund ("the Fund") paid workmen's compensation and medical benefits to Waters on the basis of permanent and total disability. Waters did not bring an action against Case or any other party prior to the expiration of the statute of limitations. On April 3, 1985, this action was instituted by "Thomas Edison Waters by and through the Alabama Forest Products Industry Workmen's Compensation Self-Insurer's Fund" against Case. Case filed a motion to dismiss the complaint and on August 4, 1988, the trial court dismissed the complaint. This appeal followed.
Case contends that this appeal is due to be dismissed as untimely filed. The complaint was dismissed on August 4, 1988. On August 15, 1988, a "motion to reconsider" was filed. The court denied the motion on October 17, 1988. The notice of appeal was filed on November 17, 1988. Case argues that, because the notice of appeal was filed more than 42 days after the complaint was dismissed on August 4, 1988, the notice of appeal was untimely and the appeal is due to be dismissed. We disagree. The "motion for reconsideration" merely asked the court to vacate the judgment of dismissal. It was, therefore, a post-judgment motion under Rule 59(e), A.R.Civ.P., and was effective to suspend the running of the time for filing a notice of appeal under Rule 4, A.R.App.P. See Lockhart v.Phenix City Inv. Co., 488 So.2d 1353 (Ala. 1986); Papastefan v.B L Const. Co., 356 So.2d 158 (Ala. 1978); Morris v.Merchants National Bank of *Page 455 Mobile, 359 So.2d 371 (Ala. 1978). The notice of appeal was timely filed, being filed within 42 days of the date the court entered its order denying the post-judgment motion.
The next issue is whether the trial court erred in dismissing the action on the grounds that the statutory period of limitations had run.
It is undisputed that Waters did not file an action within one year of the date of his injury.[1] However, the action was commenced within six months after the expiration of the statutory period of limitations. Ala. Code 1975, § 25-5-11(d), provides:
 "In the event the injured employee or, in the case of his death, his dependents do not file a civil action against such other party to recover damages within the time allowed by law, the employer or the insurance carrier for the employer shall be allowed an additional period of six months within which to bring a civil action against such other party for damages on account of such injury or death. In the event the employer or the insurance carrier shall have paid compensation to such employee or his dependents, or in the event a proceeding is pending against the employer to require the payment of such compensation, such civil action may be maintained either in the name of the injured employee, or in the case of his death, in the name of his dependents, or in the name of the employer or the insurance carrier, and in the event the damages recovered in such civil action are in excess of the compensation payable by the employer under this chapter and costs, attorney's fees and reasonable expenses incurred by the employer in making such collection, the excess of such amount shall be held in trust for the injured employee, or in the case of his death, for his dependents. In the event such injured employee has no dependents, his personal representative in the event of his death may bring a civil action against such other party to recover damages without regard to this chapter."
(Emphasis added.) It is undisputed that Waters did not bring an action against Case within the time allowed by law. It is also undisputed that the Fund has paid compensation to Waters. This action, then, is clearly one that may be brought by the Fund under § 25-5-11(d).
In its order granting Case's motion to dismiss, the trial court stated: "In interpreting the phrase 'by and through' used in the plaintiff's complaint, the court is convinced that the employee is the principal party to this action and is using the company and § 25-5-11(d) to 'piggyback' his way into court. While the company could have filed suit in its own name, it appears that the employee has attempted to use the company in an effort to bring suit after his own statute of limitations had run." The trial court erred in its conclusion that the complaint was due to be dismissed because of its conclusion that Waters "is the principal party to this action." In the first place, § 25-5-11(d) specifically provides that the workmen's compensation insurance carrier may maintain the action in the injured employee's name. Furthermore, to the extent that Waters will benefit from this action, that also is specifically allowed by § 25-5-11(d), which provides that the excess proceeds of any judgment will be deposited in trust for the employee. Finally, the complaint itself indicates that the Fund is claiming reimbursement of workmen's compensation benefits paid to Waters. Paragraph 11 of the complaint reads:
 "As a result of said injuries sustained by the Plaintiff, Plaintiff's employer brings this action by and through The Alabama Forest Products Industry Workmen's Compensation Self-Insurer's Fund, his insured, who paid workmen's compensation benefits and brings this action pursuant to Section 25-5-11, Code of Alabama (1975)."
While the statement that "Plaintiff's employer brings this action by and through [the Fund]" is somewhat inconsistent with *Page 456 
the style of the complaint, the complaint sufficiently raises the claim that the Fund is seeking reimbursement from Case for its payment of workmen's compensation benefits. The statute clearly provides for such an action, and the trial court erred in dismissing the complaint and in denying the post-judgment motion to vacate the dismissal.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] This action is governed by Ala. Code 1975, § 6-2-39 (repealed by Ala. Acts 1984, 2d Ex. Sess., No. 85-39, p. 40, § 3, effective January 9, 1985). See Ala. Code 1975, § 6-2-38.