William D. Hicks and his wife Donna sued Charles Ray Dunn, Jr., alleging that Dunn had negligently and wantonly caused an automobile collision. The trial court granted Dunn's motion for a judgment as a matter of law on the wantonness claim. The jury found Dunn negligent and awarded the Hickses compensatory damages. The trial court entered a final judgment in the amount of the jury verdict and denied the Hickses' postjudgment motion for a new trial. The Hickses appeal. We reverse and remand.
On November 30, 1994, between approximately 12:30 and 1:00 p.m., the Hickses were waiting for traffic to clear before turning left into the Old Timers Restaurant on Highway 195 in Walker County. Mrs. Hicks was driving. Construction signs were posted along the road just before the entrance to the restaurant because a sewer line was being installed. A law-enforcement officer testified that the area was a "residential-type area."
Dunn testified that he crested a hill and saw the Hickses' vehicle 100 feet or less in front of him. He testified that he applied his brakes, but that when he saw the Hickses' vehicle it was too late to stop. Dunn testified that he traveled that portion of Highway 195 four to five times per week, and that he knew the restaurant was there and that it was frequented at lunch time. He also testified that he was not paying close attention to the road. Mrs. Hicks and another witness testified that Mr. Dunn did not blow his horn before he struck the Hickses' vehicle.
The evidence regarding Dunn's speed just before the accident was conflicting. The posted speed limit was 40 miles per hour. Mrs. Hicks testified that, based on her perception from her rear-view mirror, Dunn was traveling at a speed of 60-65 miles per hour, but she admitted that in an earlier deposition she had estimated his speed to be 55-60 miles per hour. A witness testified that Dunn's vehicle was traveling between 50 and 55 miles per hour before the collision. The officer investigating the accident estimated Dunn's speed just before the accident to be 40 miles per hour.
Mrs. Hicks testified that just before the collision her left turn blinker was on and she had applied her brakes. Dunn testified that he did not see the blinker or any brake lights. Two witnesses corroborated Mrs. Hicks's testimony, testifying that her blinker was on and her brake lights were operating.
Dunn's truck struck the Hickses' car in the rear, propelling it 75-100 feet. The Hickses' car was "totaled" for insurance purposes. Neither Mr. or Mrs. Hicks believed they were seriously injured at the time of the accident, but each later discovered that they had sustained herniated discs and they both required surgery to correct the problems. The jury found Dunn negligent and awarded compensatory damages of $34,047.77 to Mr. Hicks and $29,352.71 to Mrs. Hicks.
The dispositive question on review is whether the trial court erred when it granted Dunn's motion for a judgment as a matter of law ("JML") on the Hickses' wantonness claim.[1] In reviewing the trial *Page 24 
court's ruling on a motion for a JML, an appellate court uses the same standard the trial court used in ruling on the motion initially. Thus, "`we review the evidence in a light most favorable to the nonmovant, and we determine whether the party with the burden of proof has produced sufficient evidence to require a jury determination.'" Acceptance Ins.Co. v. Brown, [Ms. 1991938, June 29, 2001] ___ So.2d ___, ___ (Ala. 2001), quoting American Nat'l Fire Ins. Co. v. Hughes, 624 So.2d 1362,1366-67 (Ala. 1993); see, also, Jim Walter Homes, Inc. v. Kendrick,810 So.2d 645, 649-50 (Ala. 2001).
This Court has clarified the definition of wantonness in Alfa MutualInsurance Co. v. Roush, 723 So.2d 1250, 1256 (Ala. 1998):
 "`Wantonness' is statutorily defined as `[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others.' Ala. Code 1975, § 6-11-20(b)(3). `Wantonness' has been defined by this Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. Bozeman v. Central Bank of the South, 646 So.2d 601 (Ala. 1994)."
This Court has often reiterated that while ordinary negligence involves inadvertence, wantonness requires a showing of a conscious or an intentional act. Scott v. Villegas, 723 So.2d 642, 643 (Ala. 1998);Newman v. Bankers Fid. Life Ins. Co., 628 So.2d 439, 443 (Ala. 1993). However, "`the actor's knowledge may be proved by showing circumstances from which the fact of knowledge is a reasonable inference; it need not be proved by direct evidence.'" Scott v. Villegas, 723 So.2d at 643, quoting Hamme v. CSX Transp., Inc., 621 So.2d 281, 283 (Ala. 1993).
This Court has held that while speed alone does not amount to wantonness, speed, coupled with other circumstances, may amount to wantonness. Knowles v. Poppell, 545 So.2d 40, 42 (Ala. 1989); Smith v.Cullen, 270 Ala. 92, 97, 116 So.2d 582, 586 (1959). In Hamer v. Nelson,516 So.2d 1381, 1384-85 (Ala. 1987), a case decided under the scintilla rule,[2] this Court reversed the judgment entered for the defendant on a directed verdict[3] on a wantonness claim. In Hamer, there was evidence that the defendant was driving 55-60 miles per hour in a 35-40 miles-per-hour zone. Arrow signs indicated a sharp curve with a 20 miles-per-hour speed limit. There was also a bridge marked with a sign warning drivers that the bridge was narrow. The plaintiff could not see the defendant because the concrete abutment of the bridge blocked his view. 516 So.2d at 1382. The Court said that "the jury *Page 25 
could have concluded that the defendant was greatly exceeding the posted speed limit and had made no effort to reduce his speed even though he had passed a number of advisory and warning signs." 516 So.2d at 1385. The Court held that the plaintiff had presented sufficient evidence of wantonness to submit the question to a jury, and it reversed the judgment entered on the directed verdict. 516 So.2d at 1386.
In Sellers v. Sexton, 576 So.2d 172, 175 (Ala. 1991), decided under the now applicable substantial evidence rule, this Court reversed a judgment for the defendant entered on a directed verdict on a wantonness claim. InSellers, the evidence showed that the defendant was driving at or near the posted speed limit of 55 miles per hour. She knew that because of predicted frozen precipitation, loose rock had been spread on three bridges on the road on which she was traveling. There was also evidence that she knew one of the bridges had a wide curve that would obstruct her view of any oncoming traffic. However, she testified that she did not slow down as she normally did when she approached this bridge. 576 So.2d at 173-74. This Court held that the plaintiff had submitted the substantial evidence necessary to support a wantonness claim. 576 So.2d at 175.
From the evidence presented in this case, the jury could have found that Dunn was driving much faster than the posted speed limit and that he was not paying attention to the road. The jury also could have found that he did not slow his speed despite the construction signs and his knowledge that a restaurant into which patrons would likely be turning was on the other side of the hill he was cresting, obscured from his view. These facts could have supported a verdict that Dunn had acted with a "reckless or conscious disregard of the rights or safety of others." § 6-11-20(b)(3), Ala. Code 1975. Therefore, the Hickses' wantonness claim should have been presented to the jury. Because we reverse the judgment as a matter of law for Dunn on the Hickses' wantonness count, we need not reach the other questions.
We reverse the judgment of the trial court and remand for the trial court to grant the Hickses' motion for a new trial.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Moore, C.J., and Houston, Johnstone, and Woodall, JJ., concur.
[1] The general rule in Alabama permits a victorious plaintiff to appeal only as to the adequacy of damages. Ex parte Vincent, 770 So.2d 92
(Ala. 1999); Ex parte Weyerhaeuser Co., 702 So.2d 1227 (Ala. 1996);DeBardeleben v. Tynes, 290 Ala. 263, 276 So.2d 126 (1973); Beatty v.McMillan, 226 Ala. 405, 147 So. 180 (1933). However, these cases do not deal with the circumstances presented here, where the issue is whether the plaintiff is entitled to submit to the fact-finder a claim that would warrant the recovery of punitive damages. In such an instance this Court has recognized the right of a plaintiff who has prevailed on a negligence count to appeal the trial court's refusal to submit a wantonness count to the jury. See Thompson v. White, 274 Ala. 413, 149 So.2d 797
(1963).
[2] Under the scintilla rule, the nonmovant was considered to have satisfied his burden of proof necessary to submit the issue to the trier of fact if he presented a "scintilla" of evidence. This rule was abolished on June 11, 1987, and was replaced by the more stringent "substantial evidence rule." § 12-21-12, Ala. Code 1975.
[3] The "directed verdict" has been renamed a "judgment as a matter of law." See Rule 50, Ala.R.Civ.P.