These appeals are from the trial court's summary judgment for both the defendant and a third-party defendant.
On November 21, 2000, North Montgomery Materials, L.L.C. (hereinafter "North Montgomery"), sued Federal Insurance Company (hereinafter "Federal"), seeking to recover as a supplier of materials under a payment bond issued by Federal involving a public-works project in Montgomery. On January 5, 2001, Federal answered the complaint generally denying the allegations of the complaint and setting forth certain affirmative defenses.
On January 16, 2001, Federal filed a third-party complaint against third-party defendant Jinright Construction Landscaping, Inc. (hereinafter "Jinright"), asserting a right of indemnity against Jinright for any sums Federal was forced to pay North Montgomery. On February 5, 2001, Jinright filed an answer denying liability to Federal on Federal's third-party complaint, a counterclaim against North Montgomery alleging a violation of the Alabama Litigation Accountability Act, § 12-19-270, Ala. Code 1975, and a motion for a summary judgment. North Montgomery *Page 203 
filed an answer to Jinright's counterclaim and a response to Jinright's motion for a summary judgment. On February 28, 2001, the trial court granted Jinright's summary-judgment motion.
On March 1, 2001, Federal filed a motion to dismiss, or, in the alternative, for a summary judgment. North Montgomery filed a response to Federal's motion, and on March 26, 2001, the trial court granted Federal's motion and entered a summary judgment. On April 2, 2001, North Montgomery filed a motion to alter, amend, or vacate judgment as to each summary judgment. On April 10, 2001, the trial court denied both motions. On August 21, 2001, the trial court dismissed Jinright's counterclaim with prejudice for failure to appear. Jinright filed a motion to reconsider on August 31, 2001, and the trial court denied the motion on October 5, 2001.
North Montgomery filed its notice of appeal on November 13, 2001, and on November 19, 2001, Jinright filed a cross-appeal from the trial court's denial of Jinright's motion to reconsider the dismissal of the counterclaim.
 I.
Before we address the main arguments of the parties, we must dispose of two matters. First, Federal contends that North Montgomery's appeal was not timely.
Federal contends that North Montgomery did not file its notice of appeal within the 42 day period provided by Rule 4(a), Ala.R.App.P. Federal argues that Jinright's August 31, 2001, "motion to reconsider" should be characterized as a Rule 60(b), Ala.R.Civ.P., motion for relief from a judgment or an order. If it were considered to be such a motion, Federal argues, then it would not have tolled the time for appeal from the trial court's order dismissing Jinright's counterclaim, which would be a final judgment. Ingram v. WAAY Television, 394 So.2d 65, 66
(Ala.Civ.App. 1981).
North Montgomery argues that Jinright's "motion to reconsider" should be considered a Rule 59(e), Ala.R.Civ.P., motion to vacate the trial court's judgment dismissing Jinright's counterclaim. If it were so considered, North Montgomery argues, then, assuming the Rule 59(e) motion was filed within 30 days of the entry of the judgment sought to be vacated, the running of the time for filing a notice of appeal under Rule 4, Ala.R.App.P., would be suspended.
The Alabama Supreme Court has previously held that the substance of a motion, and not its style, determines the type or kind of motion it is.See Cannon v. State Farm Mut. Auto. Ins. Co., 590 So.2d 191 (Ala. 1991). While the Alabama Rules of Civil Procedure do not speak of a "motion to reconsider," our supreme court has repeatedly construed motions so styled, when they have been filed within 30 days after the entry of a final judgment, to be Rule 59(e) motions. See Waters v. J.I. Case Co.,548 So.2d 454 (Ala. 1989); McAlister v. Deatherage, 523 So.2d 387 (Ala. 1988); Papastefan v. B L Constr. Co., 356 So.2d 158 (Ala. 1978).
Jinright filed its "motion to reconsider" within 30 days after the trial court dismissed its counterclaim. The trial court denied the motion to reconsider on October 5, 2001. North Montgomery appealed within 42 days of that denial. The appeal was timely.
The next matter is the fact that Jinright filed a notice of appeal from the trial court's denial of its "motion to reconsider." However, in the brief Jinright has submitted on appeal, it argues that the trial court was correct in granting both its and Federal's motions for a summary judgment. *Page 204 
No other party to this appeal has filed a motion to dismiss Jinright's appeal based on this incongruity. Additionally, none of the parties have been prejudiced by this error. All are aware of the issues presented. In a similar case our supreme court noted:
 "[T]he spirit of the rules is reflected in Rule 3(c), [Ala.] R. App. P.: `Such designation of judgment or order [i.e., the designation in the notice of appeal of the "judgment . . . appealed from"] shall not, however, limit the scope of appellate review'; and in Rule 4(a)(1): `On an appeal from a judgment or order a party shall be entitled to a review of any judgment, order, or ruling of the trial court.'"
Curtis v. Bill Byrd Auto., Inc., 579 So.2d 590, 592 (Ala. 1990). The notice of appeal from the trial court's denial of Jinright's motion to reconsider is not supported by any argument in Jinright's brief. Therefore, we will not address that issue. However, based on the above, we will entertain the arguments of Jinright as to the summary judgment for Jinright and for Federal.
 II.
North Montgomery contends that the trial court erred when it entered a summary judgment for Jinright and for Federal. We will address each summary judgment in the order in which it was filed and decided by the trial court.
In its motion for a summary judgment, Jinright argued that any action by North Montgomery was barred by the doctrine of collateral estoppel. Jinright further contended that because North Montgomery had sued Jinright in district court North Montgomery was collaterally estopped from asserting the present claim against them in circuit court. Collateral estoppel is an affirmative defense. The standard for reviewing a defendant's motion for a summary judgment based on an affirmative defense is well-established:
 "Where, as in this case, the defendant moves for a summary judgment based on an affirmative defense, this Court applies the following standard of review:
 "`When there is no genuine issue of material fact as to any element of an affirmative defense, . . . and it is shown that the defendant is entitled to a judgment as a matter of law, summary judgment is proper. If there is a genuine issue of material fact as to any element of the affirmative defense, summary judgment is inappropriate. Rule 56(c), Ala.R.Civ.P. In determining whether there is a genuine issue of material fact as to each element of an affirmative defense, this Court must review the record in a light most favorable to the plaintiff (the nonmoving party) and must resolve all reasonable doubts against the defendant (the movant).'"
Wal-Mart Stores, Inc. v. Smitherman, 743 So.2d 442, 444-45 (Ala. 1999) (quoting Bechtel v. Crown Central Petroleum Corp., 495 So.2d 1052, 1053
(Ala. 1986)).
"The elements of collateral estoppel are: (1) an issue identical to the one litigated in the prior suit; (2) that the issue was actually litigated in the prior suit; (3) that resolution of the issue was necessary to the prior judgment; and (4) the same parties." DairylandIns. Co. v. Jackson, 566 So.2d 723, 726 (Ala. 1990). Jinright, in its motion for a summary judgment, outlines the elements of Dairyland, then proceeds to make the following conclusory statements:
 "(1) The issue in the prior suit is identical to the issue in this case. This suit is for amounts due on account and were pending on October 23, 2000 when the prior suit was filed. (2) The issue was *Page 205 
actually litigated. (3) The suit in the prior action was for issues due on account between the parties which is identical to this suit; and (4) the Plaintiff and the Third Party Defendant Jinright are the same parties in privity to the issue that is the heart of the matter litigated."
Jinright included no discovery materials, no affidavits, no copy of the "prior suit," nor any other supporting documents. While Jinright may not have made a prima facie showing that there is no genuine issue of material fact and that Jinright is entitled to a judgment as a matter of law, we will assume the trial court found that a prima facie showing was made, and we will review whether North Montgomery has presented a genuine issue of material fact as to any element of the affirmative defense of collateral estoppel.
The first element of the affirmative defense of collateral estoppel is whether the issue presented is identical to the one litigated in the prior suit. North Montgomery argues that the issue in the prior suit was the amount due from Jinright to North Montgomery for materials purchased for use on projects other than the bonded project at the Goode Street School. North Montgomery then asserts that the issue in the instant case is whether Jinright has paid for the materials purchased for use at the Goode Street School project, thereby invoking the surety provision of the Federal bond. In support of this contention, North Montgomery attached as Exhibit A a series of "scale tickets" for materials clearly designated as going to Goode Street School. North Montgomery then also attached as Exhibit B a series of invoices and "scale tickets" for materials that clearly designate they are going to addresses other than the Goode Street School. This is substantial evidence of a genuine issue of material fact as to whether the issue presented is identical to the one litigated in the prior suit.
The second element of the affirmative defense of collateral estoppel is whether the issue was actually litigated in the prior suit. North Montgomery argued that the prior action was dismissed because it was settled and that, therefore, there had been no actual litigation of the issue in the prior action. Our supreme court has previously held that where a prior suit was dismissed without prejudice by a federal district court and no issue or issues were actually litigated in the prior federal action, the doctrine of collateral estoppel did not bar the plaintiff's claim. See Grow Group, Inc. v. Industrial Corrosion Control, Inc.,601 So.2d 934 (Ala. 1992). We conclude that, as matter of law, the issue in the instant case was not actually litigated in the prior suit.
The third element of the affirmative defense of collateral estoppel is whether the resolution of the current issue was necessary to the prior judgment. We need not address this issue because we have previously determined that the issue in the instant case was not actually litigated in the prior suit.
The fourth element of the affirmative defense of collateral estoppel is whether the parties are the same. Here, North Montgomery presented two exhibits — a notice of judgment and a case action summary from the district court case. Both documents clearly show the plaintiff as North Montgomery Materials, L.L.C., and the defendant as Jinright Construction Landscaping, Inc. No other defendant is listed, and Federal appears nowhere on either form. Jinright argues that it and Federal were in privity and that therefore the parties were substantially similar in both actions. Jinright, however, submitted nothing in support of this argument, and the district court documents submitted by *Page 206 
North Montgomery show only Jinright as a party defendant.
It is clear that the trial court erred in entering a summary judgment in favor of Jinright. Federal also filed a motion to dismiss, or, in the alternative for a summary judgment, arguing that because the trial court granted Jinright's summary-judgment motion based on collateral estoppel, and because the only way Federal would be liable on the bond is for there to be an enforceable debt owed by Jinright, Federal should be dismissed from the suit, or, in the alternative, summary judgment should be entered in their favor.
Having already found the granting of Jinright's motion for summary judgment to be in error, we also hold that the granting of the motion to dismiss, or, in the alternative, motion for a summary judgment in favor of Federal, was also error by the trial court.
Based on the above, we reverse the trial court's summary judgments for Jinright and Federal. We remand to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Yates, P.J., and Thompson, J., concur in the result.