The plaintiffs Latrice Burrell, Irene Banks, and Loretta Pratcher appeal a summary judgment in favor of the defendant Thomas Wade Essary. We affirm in part, reverse in part, and remand. *Page 2 
On August 31, 2004, the plaintiffs sued Essary and State Farm Mutual Automobile Insurance Company to recover damages resulting from personal injuries they sustained in an automobile collision that occurred on May 22, 2002.[1] The plaintiffs alleged claims of negligence, wantonness, and trespass against Essary. Answering the complaint, Essary denied liability and pleaded as an affirmative defense that the plaintiffs' claims were barred by the applicable statutes of limitations.
On July 29, 2005, Essary moved the trial court for a summary judgment. As grounds, Essary asserted that the plaintiffs' negligence claim was barred by the applicable two-year statute of limitations and that his conduct did not constitute either wantonness or trespass.[2] Essary supported his motion with, among other things, excerpts of testimony he had given at a deposition.
Essary testified as follows. The collision occurred at the intersection of Highway 69 and McPherson Landing Road in Tuscaloosa County at approximately 8:55 p.m. on May 22, 2002. The weather was dry and fair at the time of the collision. Essary had driven McPherson Landing Road on a frequent basis and was familiar with the intersection where the collision occurred.
Immediately before the collision, Essary was driving westward on McPherson Landing Road toward its intersection with Highway 69; he had two dogs in the vehicle with him, one in his lap and the other on the seat beside him. A stop sign at the intersection of McPherson Landing Road and Highway 69 obligates the westbound traffic on McPherson Landing Road to stop and yield to traffic traveling north and south on Highway 69. No stop signs are located on Highway 69 at its intersection with McPherson Landing Road.
Essary testified that, at the intersection of McPherson Landing Road and Highway 69, he came to a full stop, looked down Highway 69 in both directions, and did not see any vehicles coming from either the north or the south on Highway 69. Essary then pulled out into the intersection, and his vehicle collided with a vehicle that was traveling north on Highway 69. The vehicle Essary's vehicle collided with was driven by Latrice Burrell and was occupied by the other two plaintiffs.
In opposition to the summary-judgment motion, the plaintiffs submitted, among other things, the affidavit of Burrell. In her affidavit, Burrell testified as follows. A vehicle driven by Erica Banks preceded the vehicle driven by Burrell and occupied by the other two plaintiffs as they traveled north on Highway 69. As Banks's vehicle approached the intersection of Highway 69 and McPherson Landing Road, Burrell saw Essary approaching the intersection on McPherson Landing Road. Essary did not come to a full stop at the intersection. Instead, his vehicle rolled through the stop sign without stopping and then accelerated immediately after Banks's vehicle cleared the intersection in an apparent attempt to accelerate through the gap between Banks's vehicle and the vehicle driven by Burrell. However, Essary hit the vehicle driven by Burrell. *Page 3 
Following a hearing, the trial court, on November 3, 2005, entered a separate written order granting a summary judgment in favor of Essary and made that order a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
On December 5, 2005, the plaintiffs filed a motion titled "Motion to Reconsider." The trial court denied that motion the same day it was filed. On January 17, 2006, the plaintiffs appealed to the supreme court. The supreme court, pursuant to § 12-2-7(6), Ala. Code 1975, transferred the appeal to this court.
As a threshold matter, Essary has challenged this court's jurisdiction over the appeal on the ground that the plaintiffs did not timely file their notice of appeal because, he says, the running of the 42-day period for filing the notice of appeal was not suspended by the filing of the motion the plaintiffs titled as a motion to reconsider. Although Essary concedes that that motion was, in substance, a Rule 59(e), Ala. R. Civ. P., motion[3] that would, pursuant to Rule 4(a)(3), Ala. R.App. P., suspend the running of the period for filing a notice of appeal if it were timely filed, Essary argues that the motion did not do so because it was not timely filed within 30 days after the entry of the summary judgment in favor of Essary. According to Essary, the summary judgment was entered on November 2, 2005, and, therefore, the postjudgment motion was tardy when it was filed on December 5, 2005.
We disagree. Although the judgment was signed on November 2, 2005, and, therefore, rendered on that date, it bears a filing stamp indicating that it was filed in the clerk's office on November 3, 2005. Consequently, the judgment was not entered until November 3, 2005. See Rule 58(c), Ala. R. Civ. P. ("[T]he filing of a separate judgment or order constitutes the entry of the judgment or order.").[4] The 30th day after November 3, 2005, was Saturday, December 3, 2005. Therefore, pursuant to Rule 6(a), Ala. R. Civ. P., the plaintiffs had until the next business day, which was Monday, December 5, 2005, to file their postjudgment motion. The plaintiffs filed their postjudgment motion on December 5, 2005. Therefore, their post-judgment motion was timely filed and the 42-day period for filing a notice of appeal began to run when the postjudgment motion was denied on December 5, 2005. The 42d day after December 5, 2005, was Monday, January 16, 2006, which was a legal holiday, i.e., Martin Luther King, Jr., Day/Robert E. Lee's Birthday. Therefore, pursuant to Rule 26(a), Ala. R.App. P., the plaintiffs had until January 17, 2006, to file their notice of appeal. The plaintiffs timely filed their notice of appeal on January 17, 2006, and, consequently, this court has jurisdiction over the appeal.
In their brief on appeal, the plaintiffs have not argued that the trial court erred in entering a summary judgment with respect to their negligence claim. Therefore, the plaintiffs have waived any *Page 4 
error regarding the trial court's entry of a summary judgment with respect to that claim. See Cain v. Howorth,877 So.2d 566, 584 (Ala. 2003) ("Failure to argue an issue, with citation to applicable authority, is tantamount to a waiver of that issue on appeal."). Although the plaintiffs' brief contains the conclusory assertion that Essary's conduct constituted trespass, the plaintiffs neither explain why Essary's conduct constituted trespass nor cite any legal authority in support of that assertion. Therefore, the plaintiffs have waived any error regarding the trial court's entry of a summary judgment with respect to their trespass claim. Id. Accordingly, we affirm the summary judgment with respect to the plaintiffs' claims of negligence and trespass.
With respect to their wantonness claim, the plaintiffs argue that the trial court erred in entering a summary judgment with respect to that claim because, they say, the evidence before the trial court established the existence of a genuine issue of material fact regarding whether Essary's conduct constituted wantonness. Specifically, they argue that Burrell's testimony tended to prove that Essary never stopped at the stop sign; that Essary saw both the vehicle driven by Banks and the vehicle driven by Burrell; that, with consciousness that the plaintiffs would be injured by his act, Essary accelerated his vehicle and tried to "shoot the gap" between the vehicle driven by Banks and the vehicle driven by Burrell; and that Essary's act proximately caused the plaintiffs' injuries.
 "`The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant.'"
Gore v. Alabama Dep't of Pub. Safety, 883 So.2d 1225,1227 (Ala. 2003) (quoting Brewer v. Woodall,608 So.2d 370, 372 (Ala. 1992)).
In Hicks v. Dunn, 819 So.2d 22 (Ala. 2001), the supreme court stated:
 "This Court has clarified the definition of wantonness in Alfa Mut. Ins. Co. v. Roush, 723 So.2d 1250, 1256 (Ala. 1998):
 "`"Wantonness" is statutorily defined as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code 1975, § 6-11-20(b)(3). "Wantonness" has been defined by this Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. Bozeman v. Central Bank of the South, 646 So.2d 601 (Ala. 1994).'
 "This Court has often reiterated that while ordinary negligence involves inadvertence, wantonness requires a showing of a conscious or an intentional act. Scott v. Villegas, 723 So.2d 642, 643 (Ala. 1998); Newman v. Bankers Fid. Life Ins. Co., 628 So.2d 439, 443 (Ala. 1993). However, '"the actor's knowledge may be proved by showing circumstances from which the fact of knowledge is a reasonable inference; it need not be proved by direct evidence."' Scott v. Villegas, 723 So.2d at 643, quoting Hamme v. CSX Transp., Inc., 621 So.2d 281, 283 (Ala. 1993)."
819 So.2d at 24 (emphasis added). "`What constitutes wanton misconduct depends on the facts presented in each particular *Page 5 
case.'" Tolbert v. Tolbert, 903 So.2d 103, 114
(Ala. 2004) (quoting Ex parte Anderson, 682 So.2d 467,470 (Ala. 1996)).
In the case now before us, Burrell's testimony regarding the circumstances of the collision conflicted with Essary's testimony and tended to prove a set of circumstances from which a jury could draw a "reasonable inference" that Essary knew that the vehicle driven by Burrell was close to the intersection when he accelerated into the intersection and that he consciously accelerated into the intersection despite being aware that his doing so would likely or probably result in injury to the plaintiffs. Hicks v. Dunn, 819 So.2d at 24. Accordingly, the plaintiffs established a genuine issue of material fact regarding whether Essary acted wantonly, and, therefore, the trial court erred in entering a summary judgment in favor of Essary with respect to the plaintiffs' wantonness claim.
We affirm the summary judgment with respect to the plaintiffs' claims of negligence and trespass. We reverse the summary judgment with respect to the plaintiffs' wantonness claim, and we remand the case to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CRAWLEY, P.J., concurs.
PITTMAN, J., concurs specially, with writing, in which CRAWLEY, P.J., concurs.
THOMPSON, J., concurs in the result, without writing.
MURDOCK, J., concurs in part and dissents in part, with writing.
[1] The plaintiffs sued State Farm, seeking underinsured-motorist benefits; however, the claims against State Farm are not at issue in this appeal.
[2] A six-year statute of limitations applies to claims of wantonness, see McKenzie v. Killian, 887 So.2d 861, 870
(Ala. 2004), and trespass, see § 6-2-34(a), Ala. Code 1975. The plaintiffs filed their action against Essary more than two years, but less than six years, after the May 22, 2002, automobile collision.
[3] "While the Alabama Rules of Civil Procedure do not speak of a `motion to reconsider,' our supreme court has repeatedly construed motions so styled, when they have been filed within 30 days after the entry of a final judgment, to be Rule 59(e) motions. See Waters v. J.I. Case Co., 548 So.2d 454
(Ala. 1989); McAlister v. Deatherage, 523 So.2d 387
(Ala. 1988); Papastefan v. B L Constr. Co.,356 So.2d 158 (Ala. 1978)." North Montgomery Materials, L.L.C.v. Federal Ins. Co., 843 So.2d 201, 203
(Ala.Civ.App. 2002).
[4] Although the case-action summary bears a notation that the case was disposed of by summary judgment on November 2, 2005, that notation did not effect the rendition or entry of the judgment because it was neither signed nor initialed by the trial judge. See Rule 58(b), Ala. R. Civ. P.