I respectfully dissent from the majority's decision to reverse the Court of Civil Appeals' judgment based on its holding that a genuine issue of material fact exists regarding whether Essary acted wantonly. As the majority correctly notes, in reviewing a summary judgment, this Court, as well as the trial court, is to "`"view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw."'"General Motors Corp. v. Kilgore, 853 So.2d 171, 173
(Ala. 2002) (quoting American Liberty Ins. Co. v. Am-SouthBank, 825 So.2d 786, 790 (Ala. 2002)). In support of their opposition to Essary's motion for a summary judgment, the plaintiffs submitted to the trial court the affidavit of Latrice Burrell. Burrell stated in her affidavit: *Page 14 
 "I was driving the vehicle which was hit by Mr. Thomas Essary.
 "Just prior to the accident, I noticed Mr. Essary approaching from McPherson Landing Road. He never came to a complete stop at the stop sign.
 "Mr. Essary appeared, in my opinion, to come to a rolling stop, wherein he observed the lead vehicle containing Mrs. Erica Banks which was right in front of the vehicle I was driving. As he observed Mrs. Banks drive by, he did not stop, but actually accelerated just as he passed the stop sign. In my opinion, he was attempting to `shoot through the gap' between the lead vehicle and the vehicle I was driving.
 "Mrs. Banks'[s] vehicle was driving right in front of me and there were only three or four car lengths between us. There was clearly not enough room between us for Mr. Essary to make it; however, he attempted to do so anyway."
Viewing the evidence in the light most favorable to the nonmovants — in this case Burrell, Irene Banks, and Loretta Pratcher — I agree with the Court of Civil Appeals that Burrell's testimony concerning the circumstances surrounding the automobile collision "tended to prove a set of circumstances from which a jury could draw a `reasonable inference' that Essary knew that the vehicle driven by Burrell was close to the intersection when he accelerated into the intersection and that he consciously accelerated into the intersection despite being aware that his doing so would likely or probably result in injury to the plaintiffs." Burrell v.Essary, 992 So.2d 1, 5 (Ala.Civ.App. 2006). When considering a motion for a summary judgment, the trial court does not weigh or determine the veracity of the evidence before it; that is within the purview of the ultimate trier of fact. Instead, the objective of the trial court when considering a summary-judgment motion is to determine whether the evidence before it establishes the existence of a genuine issue of any material fact. See generally Rule 56(c)(3), Ala. R. Civ. P. The evidence, when viewed most favorably toward Burrell, Banks, and Pratcher, indicates that Essary came to a rolling stop at the intersection of McPherson Landing Road and Highway 69, that he saw Erica Banks's vehicle, which was in front of Burrell's vehicle, clear the intersection, and that he then accelerated in an unsuccessful attempt to cross the intersection as Burrell's vehicle approached. I believe these facts present the "other circumstances" not presented in Wilson v. Cuevas,420 So.2d 62 (Ala. 1982), and therefore warrant the reversal of the trial court's summary judgment in favor of Essary on the wantonness claim.
I also write to express my disagreement with the majority's observation that "[a]bsent some evidence of impaired judgment, such as from the consumption of alcohol, we do not expect an individual to engage in self-destructive behavior."992 So.2d at 12. The majority then quotes Griffin Lumber Co. v.Harper, 252 Ala. 93, 95, 39 So.2d 399, 401 (1949), in which this Court noted:
 "There is a rebuttable presumption recognized by the law that every person in possession of his normal faculties in a situation known to be dangerous to himself, will give heed to instincts of safety and self-preservation to exercise ordinary care for his own personal protection. It is founded on a law of nature and has [as] its motive the fear of pain or death."
Harper dealt with a single-vehicle automobile accident to which there were no witnesses. A loaded log truck, traveling downhill on a highway, failed to make the *Page 15 
curve at the bottom of the hill, hit an abutment with "great force," and landed in a ditch. Both the driver and the passenger were killed. The evidence tended to show that the truck was traveling at approximately 65 to 70 miles per hour as it descended the hill and that the transmission was in gear. Likewise, there were no skid marks, indicating that the driver did not apply the brakes. Holding that the circumstances were sufficient to support a finding that the truck was traveling at an apparently dangerous speed and that the truck driver knew that the speed was dangerous, this Court observed:
 "So that question is controlled by the inquiry into the reason for such speed and the reason for not making the curve. As to that reason there is no evidence from which a reasonable inference may be drawn that it was willful or reckless, or that he was not doing what he could to avert the danger. Such brakes on the truck do fail unexpectedly at times, as shown by the evidence. Steering appliances do lock unexpectedly at times, as shown by the evidence. Was the failure of the driver due to such cause? No one can tell."
252 Ala. at 95, 39 So.2d at 401.
When there is an absolute void of eye-witness testimony or direct physical evidence, a rebuttable presumption may exist that "every person in possession of his normal faculties in a situation known to be dangerous to himself, will give heed to instincts of safety and self-preservation to exercise ordinary care for his own personal protection." Harper,252 Ala. at 95, 39 So.2d at 401. This presumption, however, is not absolute. See, e.g., Shirley v. Shirley, 261 Ala. 100,73 So.2d 77 (1954) (holding that driver of automobile involved in single-vehicle accident to which there were no witnesses did act with wantonness: the estimated speed at the time of the accident was 75 to 100 miles per hour, the vehicle traveled 705 feet from the time the driver lost control until it came to a stop, the vehicle overturned 10 to 11 times over a distance of 240 feet, and the body of one of the occupants was thrown 72 yards beyond where the vehicle came to rest). As this Court has held: "The most crucial element of wantonness is knowledge, and while that element need not be shown by direct evidence — it may be made to appear by showing circumstances from which the fact of knowledge is a legitimate reference." Roberts v.Brown, 384 So.2d 1047, 1048 (Ala. 1980). Unlike the trial court in Harper, the trial court here was presented with evidence indicating that Essary knowingly attempted to cross the intersection in the direct path of the vehicle in which Burrell, Irene Banks, and Pratcher were traveling, consciously disregarding the risk that he may collide with the vehicle. I believe such evidence warranted the denial of Essary's summary-judgment motion on the wantonness claim. Therefore, I respectfully dissent.